Davis *v.* Bass and Another.

Nov. Term,
1853.

DAVIS
v.
BASS.

| 4 | 313 |
| 146 | 291 |

A party who has moved for a new trial at law, and the motion having been overruled on the merits, has prosecuted a writ of error for the refusal of his motion, to final judgment against him, cannot afterwards sustain a bill in chancery for a new trial founded upon the same reasons alleged therefor at law.

ERROR to the *Lawrence* Circuit Court.

STUART, J.—*Davis* filed his bill in chancery, setting forth certain proceedings at law wherein he had been plaintiff. After praying process, answer, &c., the bill proceeds, "and that, upon the premises being found true, to adjudge and decree to the complainant a new trial of the issues in said common-law cause," &c.

It appears that *Davis* had sued *Bass* and another, in the *Lawrence* Circuit Court, for burning his steam saw-mill, laying his damages at 10,000 dollars. The result was a verdict of not guilty. *Davis* moved for a new trial, alleging, 1. That the verdict was contrary to evidence; 2. That one of the jurors had misbehaved; 3. That *Bass* had treated the jury to spirituous liquors; 4. That certain evidence had been improperly excluded; and, 5. Newly discovered evidence. The motion for a new trial was overruled, and judgment on the verdict. *Davis* excepted, and prosecuted his writ of error to the Supreme Court. But it does not appear that he set out the evidence.

It may be mentioned as part of the history of the case, that the trial at law was had in *December*, 1845. In *December*, 1846, and during the pendency of the law case on error in this Court, *Davis* filed his first bill in chancery in the *Lawrence* Circuit Court, praying, as now, for a new trial, &c. In *May*, 1848, the first bill was dismissed without prejudice; and in *May*, 1850, the present bill was filed. Demurrer to the bill sustained.

It is believed that every point made in this bill for a new trial, was made and determined by the Circuit Court on the motion for a new trial at law. Having compared

*Margin note:* Monday, November 28.

the causes there filed with those now insisted upon, we can discover no substantial difference.

The strongest point made, on both occasions, is the newly discovered evidence. It was supported, agreeably to the rule, by *Davis's* own affidavit, and that of *Owens*, the proposed witness, stating what he would testify. So that the motion in the law Court was not overruled in consequence of any informality. The remedy of *Davis* was complete at law by writ of error. Of this remedy it appears he has availed himself. It would be a dangerous feature in chancery jurisdiction if after all this, that Court had the power to wipe out proceedings at law, and remit the parties back to where they began.

Accordingly, on the part of the defence, we are referred to several authorities which seem conclusive against the prayer of the bill. Thus, when a party applies for a new trial to a Court of law, and it is refused, equity will not interfere. *Bush* v. *Craig*, 4 Bibb 168. Again, a bill in chancery to obtain a new trial at law should show that the complainant could not move for a new trial at the term at which judgment was rendered. *Ward* v. *Chiles*, 3 J. J. Marshall 486. So in *Simpson* v. *Hart*, it was held that when a Court of law has refused a new trial, the party will not be relieved in chancery. 1 Johns. Ch. R. 91.

There are other objections urged against the bill in argument; the want of diligence to procure the witness; *McIntire* v. *Young*, 6 Blackf. 496; the failure to set out the evidence adduced on the trial at law; the lapse of time between the trial and the filing of the bill;—all, perhaps, affording supplemental considerations against the relief sought, if there could remain any doubt about the correctness of the main position.

*Per Curiam.*—The decree is affirmed with costs.

*J. S. Watts*, for the plaintiff.

*C. Dewey*, for the defendants.