## JOSEPH A. HINTON v. CHARLES T. DEANS.

The provision requiring appeals from judgments for twenty-five dollars, or less, to be tried on matters of law appearing on the papers, does not apply to a case where a plaintiff brings suit for more than twenty-five dollars, and recovers that sum or less, or has judgment against him and appeals. It applies only to cases in which the demand controverted is twenty-five dollars, or less.

In an appeal from a Justice's judgment to the Superior Court, it is in the discretion of the Judge presiding, to allow or disallow the amendment of any plea made before the Justice, upon such terms as to him seems just; and he may, in his discretion, allow a new plea to be entered, upon the applicant's paying all costs up to that time, although there is no rule in C. C. P. requiring him to do so.

*(Cowles* v. *Haynes,* 69 N. C. Rep., 128, cited and approved.)

CIVIL ACTION, originally commencing in the Court of a Justice of the Peace, was thence carried by appeal to the Superior Court of HERTFORD County, where it was tried before his Honor, Judge MOORE, at Spring Term, 1876.

On the trial in the Court below, before the jury was empannelled, the defendant asked leave to add the plea of the Statute of Limitations to the defence set up in the Justice's Court, which being refused, the defendant excepted.

It appeared in evidence, that the plaintiff had sold cotton to the defendant in January, 1870, to the amount of $83.95; that the defendant was a creditor of one Joshua White in a greater amount; and that the plaintiff directed the defendant to credit White's account with the amount due him, which the defendant promised to do. He never gave such credit to White, but collected his whole debt from him, White, before the commencement of this action.

The plaintiff being indebted to White in the sum of one hundred dollars, informed him of his instructions to the defendant. White agreed that if the defendant would credit

his account with that amount, that he would give the same credit to the plaintiff.

The defendant here contended that this was a novation and substitution, whereby White became the creditor of the defendant for eighty-three dollars and ninety-five cents, and his, White's, debt against the plaintiff was extinguished to that amount, and moved to non-suit the plaintiff. The Court reserved the motion, and submitted to the jury the following issue:

Did the defendant pay to White the sum due the plaintiff?

The jury found that he did not. It was in evidence that White had paid off his indebtedness to the defendant without receiving this credit.

Upon the facts as above stated, his Honor refused to give a judgment of non-suit, but gave judgment in favor of the plaintiff in accordance with the verdict rendered by the jury.

From this judgment the defendant appealed.

*Smith & Strong*, for appellant.

No counsel *contra* in this Court.

RODMAN, J. In this Court the following exceptions were taken to the judgment below:

I. That inasmuch as the Justice's judgment was for less than $25, it could not be tried *de novo* in the Superior Court. Bat. Rev., chap. 63, sec. 59, taken from C. C. P., sec. 539. It is very clear that the provision requiring appeals from judgments for $25 or less to be tried only on matters of law appearing on the papers, does not apply to a case where a plaintiff brings suit for more than $25, and recovers that sum or less, or has judgment against him and appeals. It applies only to cases in which the demand controverted is $25 or less. This was decided in *Cowles* v. *Haynes*, 69 N. C. Rep., 128.

II. The defendant moved in the Superior Court to be allowed to plead the Statute of Limitations, which the Judge refused. Section 503 of C. C. P. prescribes the rules of proceedings in a Justice's Court. The pleadings may be oral and informal, but the defendant must of necessity state his defence. Rule IX. says the pleadings may be amended "upon appeal when by such amendment substantial justice will be promoted." By section 539, if the judgment exceed $25, exclusive of costs, (which is explained above,) there shall be on the appeal "a new trial of the whole matter" in the Superior Court. This means only a new trial of the matters in issue before the Justice.

The amendments spoken of in rule IX. are to be made before the Justice. The power and duty of the Judge in respect to amendments after the appeal has reached his Court, depend on sections 131, &c., of C. C. P., and there is nothing in those sections requiring the Judge to allow a new plea to be put in, though he may do so on payment of all costs up to that time. The Code is liberal in allowing amendments, but the adding of a new plea stands on different grounds from the amending of a formal or even a substantial defect in a plea which does not introduce a substantially new defence. We think the plea of the statute was not a matter of right in the defendant, but was in the discretion of the Judge, who might allow it on such terms as seemed just, or refuse it altogether.

PER CURIAM.                         Judgment affirmed.