PATRICK H. JOHNSON v. JOHN J. ROWLAND.

*Practice—Pleading—Judge's Discretion.*

1. Where it appeared that a defendant made no defence to the action, but suffered judgment to be entered against him in a justices' court in March, 1874, and appealed to the superior court, but failed to answer or ask for leave to do so until the trial in December, 1877, and the court refused to allow a plea of counter-claim then to be set up; *Held,* not to be error.

2. In such case, the reception or rejection of the plea is a matter addressed to the discretion of the judge, and is not reviewable.

(*Hinton* v. *Deans*, 75 N. C., 18, cited and approved.)

CIVIL ACTION tried at December special term, 1877, of BEAUFORT superior court, before *Schenck, J.*

The case is sufficiently stated by Mr. Justice DILLARD in

delivering the opinion of this Court.    Judgment for plaintiff.    Appeal by defendant.

*Mr. J. E. Shepherd*, for plaintiff.
*Mr. G. H. Brown, Jr.*, for defendant.

DILLARD, J.   This action was begun in a justice's court ·on a note with endorsed credits,· and went to judgment on the 21st of March, 1874, and the defendant by agent was present at the trial, and interposed no defence by way of plea or answer, written or oral, but allowed judgment by default to pass against him.    Defendant appealed to spring ·term, 1874, of Beaufort superior court, in which court .the cause was several times continued, and no pleas were put in by defendant, or application made for leave so to do. .At the trial before Judge Schenck at the special term in .December, 1877, the defendant offered to prove other pay·ments than those endorsed on the note, and on objection by ·plaintiff the court excluded the proof, and the defendant excepted.   The defendant thereupon moved the court to be allowed to make oath in support of his motion, that he was sick ·and unable to be .personally present at the justice's trial, and did not then know of the defence, and His Honor refused to allow the plea to be put in, on the ground that defendant might and ought to have moved in the matter earlier, and to this ruling the defendant excepted.

According to the case of appeal, the action was well con·stituted in the justice's court, and the defendant had a day in court, and was present by agent, and could or ought to have made a statement of his defence, if he had any, which the rules prescribed by statute for the conduct of proceedings in justice's courts, allowed him to make; but he failed to make any answer, oral or written, and contented himself with an appeal to the superior court.    The object of the rules prescribed is to make an issue of law or fact in a

justice's court, or in any other, to the end that the contro-verted matter may be developed and made certain; and the defendant having failed to put in his defence, at the trial of the cause at December special term, 1877, there was no issue under which the proof of payment other than those endorsed on the note was competent and admissible, and there was no error therefore in the refusal of the court to allow the proof.

As to the exception to the refusal of the judge to allow the plea of set-off or counter-claim to be interposed at the trial: The reception of the plea was a matter addressed to the discretion of the court, and not a matter of absolute right in the defendant. Defendant having failed to make his defence in the justice's court, he could afterwards do so only at the discretion of the judge in the appellate court, and in order to an exercise of that discretion favora-bly to him, he should have been diligent to obtain leave to add the proper pleas in a reasonable time after appeal taken; but he neglected to apply for such leave from spring term, 1874, until the trial was on hand at December term, 1877, and under the circumstances the reception or rejection of the plea was altogether a matter in the discretion of the judge, which we cannot review and do not undertake to review. *Hinton* v. *Deans,* 75 N. C., 18.

No error.                              Affirmed.