J. W. THOMAS v. ELIZABETH SIMPSON and others.

*Practice—Contract—Implied Warranty.*

1. It is competent for the superior court, on the trial of an appeal from a justice of the peace, to allow the defendant to set up a counter-claim not made on the trial before the justice.

2. One who manufactures articles for the use of another, to be applied to a particular purpose, warrants their adaptability to that purpose, and cannot recover their value where they have been received and partially paid for in ignorance of their unfitness.

CIVIL ACTION tried at fall term, 1878, of GUILFORD superior court, before *Kerr, J.*

The case is sufficiently stated by Mr. Justice ASHE in delivering the opinion. Verdict and judgment for the defendants. Appeal by plaintiff.

*Mr. J. N. Staples,* for plaintiff.
*Messrs. Scott & Caldwell,* for defendants.

ASHE, J. This is an action commenced before a justice of the peace in the county of Guilford and brought by successive appeals to this court.

The action is for work and labor done by plaintiff and another in making shingles for the defendants. His Honor allowed the defendants to plead a counter-claim for board of plaintiff and his hireling while making the shingles. The testimony in the case was conflicting. The plaintiff offered testimony to show that the shingles were good, and fit for the purpose for which they were got, to-wit: to re-cover the house of the defendants, and that there was no contract as to the length and size of the shingles; that they were examined and not objected to, and defendant paid him eighteen

dollars, fifteen of which were paid after the shingles were made.

The defendants on the other hand introduced testimony to show that the shingles were made for the purpose of re-covering their house and the plaintiff knew it; that they were not fit for such a purpose, but were utterly worthless; that they were to be eighteen inches long and four inches wide; that they boarded the plaintiff and his hireling twenty-three and a half days; that the board of each was worth fifty cents per day; that the shingles were made and stacked in the yard of the defendants, who were females living by themselves, and neither of them had ever seen shingles made before, and did not know what constituted a good shingle; that after paying the eighteen dollars they refused to pay the plaintiff anything more upon learning from a carpenter who examined them with the view of putting them on the house, that they were worthless and totally unfit for the purpose.

The case was considered by His Honor and the counsel, as if it was an action on a contract for the purchase of shingles, when according to the meagre pleadings in the case it was an action for work and labor done in making shingles. But it makes no material difference, as the principle of law involved is equally applicable to either aspect of the case.

The plaintiff excepted because His Honor allowed the defendant to plead a counter-claim in the superior court, remarking it was by no means certain but what the defendant had plead it before the justice, when one of the defendants had sworn that she had not plead it. It is immaterial whether she had plead it before or not. His Honor clearly had the right to allow them to do so.

The defendant then prayed His Honor to give the following instructions to the jury:—

1. " If the jury believed from the evidence that the de-

fendants having a fair opportunity to examine the shingles and did so, and then received them, they cannot now be heard to object, and the plaintiff is entitled to recover."

2. "If the jury believe that the defendants did object to the shingles while they were being made, but afterwards received them, making no objection thereto but actually paid one-third of the amount claimed, the plaintiff is entitled to recover."

His Honor declined to give the instruction as prayed for, but in response to the first he charged: "That if it came to the knowledge of the defendants that the shingles were utterly worthless and they took them, they cannot now object, and the plaintiff is entitled to recover." And, in answer to the second, he charged: "That if what defendants did in receiving the shingles was done in ignorance of the quality of the shingles, the plaintiff cannot recover."

We think there was no error in the instruction given by His Honor, and that he properly refused to give the instructions as prayed for, because they were not entirely applicable to the state of facts in the case.

The plaintiff undertook to employ his skill and labor in making shingles for the defendants for the purpose of recovering their house, and there was an implied warranty arising out of the contract that they should be fit and proper for that purpose. But in this case it was in evidence that the shingles were unfit for the purpose for which they were wanted and their deficiency was not brought to the knowledge of the defendants, who were ignorant of what constituted good shingles, until after they had paid the plaintiff a part of the price of his labor. The payment under these circumstances did not amount to a waiver of their rights to object to them and defend against an action for the value of the work and labor in making them. Par-

son on Cont. 47. *Trustees of Monroe* v. *Female University* 30 Ga. 1.

No error. Affirmed.