N. W. BODDIE v. F. A. WOODARD, Adm'r and others.

*Practice—" Time to Plead"—Appeal.*

An entry on the docket, " complaint filed, time to demur or answer;" does not extend the time for pleading to the trial term, and a refusal by the presiding judge, in the exercise of his discretion, to allow a defendant to plead at that term, is not the subject of an appeal.

CIVIL ACTION tried at Fall Term, 1879, of NASH Superior Court, before *Eure, J.*

The facts appear in the opinion. Judgment for plaintiff, appeal by defendant, Moore.

*Mr. Chas. M. Cooke,* for plaintiff.
*Mr. Geo. V. Strong,* for defendant.

SMITH, C. J.    The summons in this action instituted to recover the amount due on a bond executed by the intestate, A. E. Ricks, and the defendant, Moses Moore, was duly served and returned to spring term, 1879, of Nash superior court.    At that term the complaint was filed by the plaintiff's attorney and the following entry appears in the cause upon the docket :  " Complaint filed ; time to demur or answer."    Neither defendant appeared in person or by attorney, nor was there any understanding or agreement with either for an extension of time for making his defence.    At fall term following, the defendant, Moore, proposed to put in his answer and therein set up the defence of the statute of limitations, protecting him as a surety from liability for the debt.    The court refused to allow this to be done and gave judgment by default against both defendants, from which Moore appealed.

From the facts found by His Honor, and which are fully set out in the case, we extract such only as bear upon the question presented for our determination.

The attorney, who was under a general retainer for Moore, was employed by the plaintiff to bring and prosecute the suit at the instance of Moore and with a view of having the money made out of the estate of the intestate in the hands of the defendant Woodard, his administrator, as principal debtor.    The attorney drew the complaint and himself made the entry.    Between the two terms, Moore having determined to defend the action, so informed the attorney, at the same time requesting him to retire from the plaintiff's service and represent him.    The attorney postponed the mat-

ter until he could see the plaintiff at the next term and then by his consent was discharged and assumed the defence for Moore, and himself and an associate drew up and offered to file his answer.

We advert to the embarrassments resulting from an unwise change of professional service only to say that the entry enlarging voluntarily the time for the answer of the defendants, should not be allowed an effect beyond the fair and reasonable interpretation of its words. It is certainly not of infinite duration, and in our opinion the indulgence cannot be extended beyond such time as will enable the plaintiff, when he knows what facts are controverted, to make preparation for trial at the ensuing term. While we do not undertake definitely to fix the limits of the extension, they cannot be allowed to reach the trial term. His Honor therefore properly denied the defendants' right to put in the answer when it was offered, and, as addressed to his discretion, its exercise cannot be reversed and controlled in this court. As the plaintiff was entitled to judgment for want of an answer at the first term, and the gratuitous indulgence allowed had been exhausted, His Honor very properly directed judgment to be entered for the plaintiff. There is no error in the ruling and the judgment is affirmed.

No error.                                          Affirmed.