JOHN S. REESE & CO. v. JAMES F. JONES.

*Filing Answer—Discretion of Judge.*

The refusal of a judge to allow an answer to be filed at the trial term is not reviewable ; it is a matter addressed to his discretion.

(*Boddie* v. *Woodard,* 83 N. C., 2, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of GREENE Supe-rior Court, before *Gudger, J.*

The summons was issued on the 27th of January, 1880, returnable to spring term, 1880, at which term an entry was made on the docket as follows:   " Time to file pleadings as of spring term, 1880."   About three months prior to fall

term of same year, the trial term, the plaintiffs filed their complaint duly verified, in which they declared upon two writings obligatory under seal for the payment of money— one dated April 1st, 1879, for three hundred and fifty dollars, and the other dated May 1st, 1879, for four hundred and fifty dollars, both due on the first day of November following.

At the time of filing the complaint, the plaintiffs' counsel notified the defendant's counsel of the fact, and called his attention to the fact that his client, the defendant, was in Snow Hill, the county town of Greene county. On the fourth day of fall term, 1880, the case being called in regular order on the docket, the defendant offered his answer and asked leave to file the same, when on motion of plaintiffs' counsel, the court in the exercise of its discretion refused to allow the defendant to file it, and rendered judgment against him for the amount claimed by the plaintiffs, from which judgment the defendant appealed.

*Messrs. Strong, Monroe* and *Dortch*, for plaintiffs.
*Messrs. Galloway & Albritton*, for defendant.

ASHE, J.   The case of *Boddie* v. *Woodard*, 83 N. C., 2, was very much like this.   There, the entry was "complaint filed, time to demur or answer."   At the ensuing term the defendant's counsel moved to file an answer, which the court refused and gave judgment for the plaintiff.   This court on the appeal of defendant held that while it would not undertake definitely to fix the limits of the extension in such cases, they cannot be allowed to reach the trial term, and as the motion to put in the answer at that term was addressed to the discretion of His Honor, its exercise could not be reviewed and controlled in this court.

Ours is a somewhat stronger case than that, for here, the complaint was filed three months before the trial term, and

the defendant's counsel was notified, at the time, of the fact of the complaint being filed, and was also informed that his client was then in town. The defendant was guilty of laches. There is no excuse for the delay. The allowing the answer to be filed at the trial term was a pure matter of discretion, and is not reviewable in this court.

No error. Affirmed.