## W. A. POSTON v. JOHN ROSE.

*Counter-claim—Appeal—Discretion of Judge in allowing plea.*

1. In an action upon contract, though a lien upon property is involved, it is competent to the defendant to extinguish the debt due from him, by proof of counter-claim, and a verdict ascertaining the amount of the opposing demands is sufficient to sustain a judgment.

2. The subject matter in contest cannot be changed by a removal of a cause to the appellate court.

3. The plea of the statute of limitations, not relied on before a justice, cannot be set up on appeal in the superior court, without leave. Amendment of pleadings in such case is matter of discretion.

(*Hinton* v. *Deans*, 75 N. C., 18 ; *Ransom* v. *McClees*, 64 N. C., 17, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of ROWAN Superior Court, before *McKoy, J.*

This suit was begun on January 30th, 1879, before a justice of the peace by the issuing of a summons in which the defendant is required to answer the plaintiff, "in a civil action for the recovery of corn and flour furnished while cropping on defendant's land," accompanied by an affidavit in the prescribed form in a proceeding for the claim and delivery of personal property, under chapter 251 of the acts of 1876–'77.

At the same time the plaintiff gave the required bond, but no indorsement in writing was made on the affidavit by the parties directing the officer to take the articles therein specified from the defendant, and deliver them to the plaintiff, nor were any further steps taken in relation thereto.

Upon the trial the plaintiff presented his account for goods sold and delivered in the sum of $40, and the defendant averred a payment of $10 on the claim set up, and relied on an account in the sum of $158.61 against the plaintiff, for board and lodging of plaintiff's child, and work and labor done, due himself, as a counter-demand.

Both parties introduced evidence in support of their respective charges, and the defendant had judgment for the excess found due him, $112.58, and for costs.

These facts are embodied in the statement of the justice transmitted on the plaintiff's appeal to the superior court, with the itemized accounts produced by each on the trial.

The following issues were submitted in the superior court:

1. Is the defendant indebted to the plaintiff in the sum of $40, or any other sum ?   If so, how much ?

2. Was any portion thereof a lien upon the crops of 1878 ? If so, how much ?

3. How much is the plaintiff indebted to the defendant, by way of counter-claim ?

The jury responded to the first issue that the defendant is indebted to the plaintiff to the amount of his account as sworn to ; and to the second, none.

The answer to the third issue is, that the plaintiff is indebted to the defendant to the amount of his account as sworn to.

Upon this verdict the defendant recovered the excess of his claim, and from the judgment the plaintiff appealed.

*Messrs. W. H. Bailey* and *J. M. McCorkle,* for plaintiff.
*Messrs. Kerr Craige* and *Lee S. Overman,* for defendant.

SMITH, C. J., after stating the above.   Various exceptions were taken to the rulings of the court during the progress of the cause, up to final judgment, by the appellant, which in the órder of time we proceed to notice.

1. The first exception is to the submission of any issue in regard to the counter-claim, and the introduction of any evidence in its support, as not within the provisions of section 101 of the Code.

It is manifest the form of the action as tried before the

justice, and as understood by both parties, was upon contract, and the controversy was as to the validity and amount of the claims of each preferred against the other, and no objection was then made to the introduction and proof of the defendant's for the reason now assigned that it was inadmisable under the rules of the pleading.

It was certainly competent for the defendant to extinguish, by payment or proof of a counter-demand, the indebtedness due from the defendant, since the lien must be commensurate with the debt and will cease when it is discharged. It is not an action merely to recover the possession of the property to which the lien adheres, but to have the indebtedness ascertained and adjudged, and then to enforce its payment, if necessary by a sale of the property. In determining the amount of the claim so asserted, there is no reason why the defendant may not reduce the amount or discharge it by any proof pertinent thereto, or by effacing it altogether by a larger counter-demand.

It is true, in answer to the *certiorari* issued by order of the court, there has been sent up as found among the files a complaint appropriate to an action for the recovery of possession alone, but it is not recognized in the record and is at variance with the mode in which the proceedings have been conducted, and hence we cannot ascribe any legal effect to its presence, or allow it to control what was done in the court below. The justice pursuant to the statute (Bat. Rev., ch. 63, § 57,) has made " a return to the appellate court and filed with the clerk thereof the papers, proceedings and judgment in the case," and until an amendment is allowed, this must be deemed the case constituted by the appeal, and to be there retried. If new amendments in the complaint, changing the nature of the matters in contest, or new and different defences are made after the removal, it must be with the approval of the court, and is not a matter of right to either. No such changes are shown by the rec-

ord to have been asked or allowed, and therefore the trial rightfully proceeded in the appellate court upon the issues tried in that of the justice. These exceptions are therefore overruled.

2. The defendant was entitled to claim for services rendered by his wife with his approval and her consent that he should have them.

3. The defence of the statute of limitations was not set up on the former trial to defeat the counter-claim, nor permitted to be added by His Honor, and hence it was unavailing. *Hinton* v. *Deans*, 75 N. C., 18.

We do not assent to a construction put by plaintiff's counsel on rule 1 of section 20, chapter 63, of Battle's Revisal, that inasmuch as the pleadings in a justice's court consist of the complaint and answer, of which a counter-claim forms part (rule 4), therefore any and all defences are open to a counter-claim in the appellate court, whether made in that of the justice or not, for such a practice would often thwart the course of justice and be a surprise for which the other party would not be prepared. While the *pleadings* need extend no further, the subject matter in contest should not be changed by the removal of the cause to another appellate tribunal; and without this interpretation, the act requiring the return of proceedings had before the justice for the information of the court above, would be meaningless.

We see no reason why, if the statutory bar was not relied on in the first trial it could not be set up without leave of the court in the second trial, as was decided in *Hinton* v. *Deans*, it is not equally inadmissible to set it up under like circumstances to defeat the counter-claim which is virtually a cross-action itself, with reversed relations of the parties.

4. The only remaining exception to be noticed is to the vagueness of the findings upon the opposing claims. These accounts are part of the record, and the verdict is rendered

definite and certain by reference to them, and the rendition of the judgment only requires the substraction of the one from the other, and the ascertainment of the difference in their amounts. A verdict very similar was upheld in *Ransom* v. *McClees*, 64 N. C., 17, where the finding was "that one bond should off-set the other," which PEARSON, C. J., delivering the opinion, says, " was in substance a verdict for the defendant, and His Honor might well have instructed the clerk to so enter it."

The present finding is separately in favor of each of the rendered accounts filed, and which were in evidence before the jury, and there can be no uncertainty as to the sums intended.

No error. Affirmed.