Austin v. Walker.

2. —— : township trustees assess damages.

---

AUSTIN v. WALKER ET AL.

1. **Former adjudication:** CONCLUDES PARTIES AS TO ISSUES INVOLVED: EFFECT OF APPEAL. Where one whose lands had been sold on special execution attacked the sale by motion to vacate the same on account of irregularities, which motion was decided against him, *held* that by such adjudication he was concluded from urging the same or other like objections to the sale, in an action against him by the purchaser to recover possession of the land; and the effect of such former adjudication was not changed by the fact that an appeal therefrom was taken to this court, and the judgment affirmed, without a review of the cause upon its merits.

*Appeal from Jefferson District Court.*

FRIDAY, JUNE 8.

THIS is an action for the recovery of certain real estate in the city of Ottumwa. Upon a trial in the court below, there was a judgment for the plaintiff, and defendant appeals.

*Slagle & McCrackin,* and *Moore & Hammond,* for appellants.

*Williams & McMillan,* for appellee.

ROTHROCK, J.—On the third day of June, 1878, a special execution was issued upon a decree of foreclosure of a mortgage in favor of the plaintiff and against the defendants, and on the same day a levy of said execution was made upon the real estate in controversy. The defendants elected to have the property sold subject to redemption, and on the eighth day of July, 1878, the same was sold by the sheriff to the plaintiff for $1,900, and a certificate of sale was issued to him.

At the March term, 1879, of said court, the defendant, Walker, filed a motion to set aside and vacate said sale, which motion was continued. At the October term, 1879, of said court, Walker filed a substituted motion. These motions were based upon the ground of irregularities in conducting the sale, consisting, as was alleged, of adjourning the sale on three separate days. Pending these proceedings, an injunction was granted at the instance of Walker, by which the sheriff was enjoined from executing a deed to plaintiff in pursuance of the sale. On the eleventh day of November, 1879, a hearing was had upon the motions, and they were overruled, and the injunction was dissolved. The defendant appealed to this court, and the order and judgment of the court was affirmed. See 54 Iowa, 755.

A deed was executed and delivered to the plaintiff, and this action was commenced to recover the property. The defendant answered, setting up the same irregularities in conducting the sale that were contained in his motions to set aside the sale. He also charges fraud in a general way in the matter of the sale, and claims that his answer charges a conspiracy to defraud him of his property by a sham sale, etc., and he asks that the sale be decreed to be void. He makes no offer to pay the judgment in foreclosure.

We think every question presented by this answer was adjudicated in the trial of the motion to set aside the sale. It appears to be claimed that the adjudication on the motion is not a bar because, it was not disposed of in this court upon its merits. It is true, it was held in this court that we could not review the judgment of the court below, because the evidence upon which the court acted was not presented to this court. But the judgment of the circuit court remained and stood as an adjudication of the rights of the parties, the same as if no appeal had been taken. Whether or not the defendant now presents additional grounds for vacating the sale, we do not deem it necessary to discuss or determine. It is enough to say that, having attacked the regularity of the sale by one proceeding, he should be concluded by that adjudication from raising other objections thereto.

This disposition of the case renders it unnecessary to dispose of the motions filed by appellee.

AFFIRMED.