WILLIAM WARDEN et al. v. NARCISSA McKINNON, Adm'x, et al.

*Appeal—Amendment—Res Adjudicata.*

1. The refusal of the Subordinate Courts to allow additional pleadings to be filed, or original pleadings to be amended, is not reviewable upon appeal.

2. A question once judicially determined, cannot again be raised and tried between same parties in a different form.

This was a SPECIAL PROCEEDING in the nature of a Creditor's Bill, brought before the Clerk and heard upon appeal by *Connor, J*, at July Term, 1887, of the Superior Court of CUMBERLAND County.

The cause was before this Court at February Term, 1886, (94 N. C., 378). Upon filing the certified opinion of the Supreme Court at Fall Term, 1886, of the Superior Court of Cumberland, Judge Gilmer made the following order:

"This cause coming on to be heard on the record, judgment, orders and decrees heretofore made, and the opinion of the Supreme Court duly certified to this Court, it is ordered and adjudged that the Clerk of this Court proceed with the cause, in accordance with the directions and the law as indicated in the said opinion of the Supreme Court."

The defendants, heirs at law, asked leave to file an additional answer, this was refused by the Court and the said defendants excepted.

The Clerk of the Superior Court, pursuant to said order, on the 20th day of March, 1887, after due notice to the parties, proceeded to hear the cause, when the defendants, heirs at law, asked leave to file an answer setting up the statute of limitations.

This having been denied, they asked the Clerk to find the facts following, which they allege appear from the pleadings in this cause.

"This is an application to subject money belonging to the heirs of M. McKinnon, deceased, which is a part of the proceeds of the sale of land for a division among them. The pleadings in the cause show:

" 1. That the intestate died in December, 1872.

" 2. Letters of administration issued January 15, 1873.

" 3. That public advertisement was made by the administrator January 15th, 1873.

" 4. That this action was commenced by L. J. Barclay and K. S. Barbee by petition June 29th, 1883.

" 5. That the creditors' bill was commenced April 27th, 1876.

" 6. That the complaint of Barclay and Barbee was filed some time after July 19th, 1883, praying that the funds arising out of the sale of land belonging to the heirs of M. McKinnon, deceased, be apportioned to pay the alleged claim.

" The defendants ask that the above facts be found by the Clerk, as facts appearing and being admitted in the pleadings in this action."

This was denied and the defendants excepted.

The Clerk then rendered a judgment, which, after reciting certain facts, among them that there is no suggestion of any creditors other than the plaintiffs (Ex'rs of M. Barclay) and that the next of kin of Murdock McKinnon, deceased, had received from the administrator *de bonis non* of his estate $63.16 for which they are liable as heirs, the same being so

received by them as next of kin, and as they are parties to these proceedings;

" It is considered, ordered and decreed that plaintiffs L. Barclay and K. S. Barbee, executors of M. Barclay, upon filing a good and sufficient undertaking as required by his Honor, J. C. McRae, are entitled to receive the full amount of their judgment, principal, interest and costs out of the fund of $700, now in the hands of the Clerk, which said fund is a part of the proceeds of sale of real estate of the said Murdock McKinnon, he heretofore made in *ex parte* proceedings. And said judgment will be paid by the Clerk, whenever said undertaking is filed; and further, that the plaintiff recover the costs of the proceeding, to be taxed by the Clerk and to be paid out of said fund."

From this judgment there was an appeal to the Superior Court in Term, where, before *Connor, J.,* the judgment was affirmed, and defendants appealed to the Supreme Court.

*Mr. R. P. Buxton,* for the plaintiff.
*Mr. Thos. H. Sutton,* for the defendant.

DAVIS, J., (after stating the case). 1. The first exception that appears in the record was to the refusal of Gilmer, J., to allow the defendants to file an additional answer when the order was made directing the Clerk to proceed with the cause.

This was a matter of discretion and not the subject of review in this Court. *Reese* v. *Jones,* 84 N. C., 597, citing *Boddie* v. *Woodard,* 83 N. C., 2, in which the defendant had sought to protect himself from liability, after the time for answer had elapsed, by a plea of the statute of limitations, and this Court held that it was a matter within the discretion of his Honor, and that in its exercise he could not be reviewed or controlled in this Court.

2. The second exception was to the refusal of the Clerk, after the order to proceed was made and after the refusal of the Judge to allow an additional answer to be filed, to permit the defendants to file the answer offered.

The question as to whether the Clerk had the power to allow the answer to be filed, is not presented for our consideration, as no objection is based upon that ground, and the answer to the foregoing exception is an answer to this.

3. The third exception was to the refusal of the Clerk to find the facts as set out.

This action was before this Court at February Term, 1886, and all questions then passed upon and adjudicated were settled, and cannot be re-opened in the manner proposed.

Questions of fact had been passed upon by the jury under the charge of the Court below; one of them, and the main, and we may say the only one sought to be again re-opened in this appeal, was the bar of the statute. Having been settled on that appeal, it was *res adjudicata*, and is not the subject of our review in this.

When a question has once been judicially settled, it cannot again be raised and tried in a different form. *Holley* v. *Holley*, 96 N. C., 229; *Ogburn* v. *Wilson*, 96 N. C., 210.

Affirmed.