## KAUFMAN *v.* KEENAN.

(*City Court of New York, General Term.* September 29, 1888.)

1. ATTORNEY AND CLIENT—LIEN—NOTICE—JUDGMENT—SATISFACTION—VACATION.
    Under N. Y. Code Civil Proc. § 66, giving an attorney a lien for his services on the judgment in his client's favor, which cannot be affected by any settlement between the parties, where the judgment is exclusively for costs and disbursements the record itself is sufficient notice of the lien; and a discharge obtained by payment to the client, and not to the attorney, may be set aside on motion.[1]

2. JUDGMENT—RES ADJUDICATA.
    An order made on an application to vacate a satisfaction of a judgment, holding that the judgment is the property of the attorney for plaintiff therein, unappealed from, is conclusive upon that question.

Appeal from special term; NEHRBAS, Justice.

A judgment was entered on the verdict of a jury, in an action tried before Chief Justice McADAM and a jury, in favor of David Kaufman against John Keenan. The defendant appealed to the general term from said judgment, which judgment was affirmed on appeal, with costs to the plaintiff, which were taxed at the sum of $86.34, and judgment entered thereon, on the 4th day of June, 1883. On an *ex parte* application, made by the attorney for the defendant, at the chambers of this court, an order was granted, canceling said judgment for $86.34 costs. A motion was subsequently made by plaintiff's attorney before Chief Justice McADAM, and an order granted, vacating said satisfaction of judgment. On the 13th day of December, 1887, a motion was made by defendant's attorney before Chief Justice McADAM to set off another judgment, obtained by other parties in another court, against the judgment for $86.34, which motion was denied. A motion was then made by plaintiff's attorney on notice before Justice NEHRBAS, on the 19th day of April, 1888, and an order granted by said justice vacating and canceling the satisfaction piece, and discharge executed by the plaintiff on March 23, 1888, of the said judgment for the sum of $86.34 entered in this action on the 4th day of June, 1883, and restoring said judgment to its full force and effect, and directing the clerk of this court to cancel the satisfaction and discharge of said judgment upon the docket of judgments in his office, and further ordering "that only the plaintiff's attorney, Frederick Hemming, or the assigne of said attorney, or duly authorized agent, shall satisfy said judgment." The defendant's attorney appeals from said order.

Argued before McGOWN and PITSHKE, JJ.

*Joseph E. Newburger*, for appellant.   *Frederick Hemming*, for respondent.

McGOWN, J., (*after stating the facts as above.*)   The judgment for $86.34 in favor of the plaintiff herein, and which was satisfied of record on June 4,

---

[1] Respecting the lien of an attorney on a judgment recovered by him for his client, see Caudle v. Rice, (Ga.) 3 S. E. Rep. 7, and note; Aspinwall v. Sabin, (Neb.) 34 N. W. Rep. 72, and note; Justice v. Justice, (Ind.) 16 N. E. Rep. 615.

1883, by the said plaintiff, was a judgment exclusively for the costs and disbursements of the said plaintiff on appeal by defendant, and on affirmance by the general term, of the judgment rendered herein on the trial before Chief Justice McADAM; and such judgment, being for costs alone, was legal notice of the lien of the plaintiff's attorney thereon. *Crotty* v. *McKenzie*, 42 N. Y. Super. Ct. 192. An attorney has a lien for his services from the commencement of an action, * * * which attaches to a verdict * * * or judgment in his client's favor, * * * and cannot be affected by any settlement between the parties, before or after judgment. Code Civil Proc. § 66. And no notice of lien on a judgment which is exclusively for costs and disbursements is required, as the record itself is sufficient notice of lien. *Wright* v. *Fleming*, 10 Wkly. Dig. 450. The record of the judgment is notice to all the parties to the action of the existence of such lien. *Lesher* v. *Roessner*, 3 Hun, 217. And such lien cannot be discharged by payment to any one but the attorney. *Marshall* v. *Meech*, 51 N. Y. 143. Besides, the rights of the plaintiff's attorney in the judgment for $86.34, were passed upon by Chief Justice McADAM, on December 14, 1887, in *Kaufman* v. *Keenan*, 13 Civ. Proc. R. 225, in which it was held that the judgment for costs, $86.34, was owned by the plaintiff's attorney. The order made therein not having been vacated or reversed, the question of the plaintiff's attorney's rights in said judgment is *res adjudicata*. The order appealed from must therefore be affirmed, with costs.

PITSHKE, J., concurring.