*J. I. MOORE v. W. H. GARNER, Administrator of ROBERT GARNER.

*Amendment—Appeal from Justice of the Peace—Estoppel.*

1. Upon an appeal in a civil action from the Court of a Justice of the Peace to the Superior Court, the latter has power to amend the pleadings and allow new pleas or matters of defence to be set up, and its action in this respect is not, ordinarily, reviewable.

2. In an action to recover a sum alleged to be due, the defendant may set up by way of estoppel the judgment of the Court, involving the same matter, rendered on a former motion for leave to issue execution on a dormant judgment.

This was an ACTION begun before a Justice of the Peace, and tried on appeal before *Boykin, J.*, at January Term, 1891, of GRANVILLE Superior Court.

The facts are stated in the opinion.

*Mr. N. Y. Gulley* (by brief), for plaintiff.
*Mr. J. W. Graham*, for defendant.

MERRIMON, C. J.: This action began in the Court of a Justice of the Peace, and the pleadings there were oral. The plaintiff appealed to the Superior Court from a judgment adverse to him. In the latter Court, " it did not appear what pleas were put in before the Justice of the Peace, and counsel could not agree as to the matter," and the Court, hence, allowed " all pleas to which either party might have been entitled." The plaintiff assigned this as error.

The plaintiff had the right to appeal, and the Superior Court upon the appeal had complete jurisdiction of the action for all the purposes of " a new trial of the whole matter at the ensuing term of said Court," the appeal to " be

* DAVIS, J., did not sit on the hearing of this appeal.

heard on the original papers." *The Code*, §§ 875, 880, 881. The action thus in the Superior Court was to be tried *de novo*, and the Court had ample power to amend the pleadings, and to allow new pleas or matters of defence to be alleged, including matters of estoppel, whether such defence had been allowed in the Court below or not; and the exercise of its discretion by the Court, in allowing new and additional defences, is not, ordinarily, reviewable here. *Poston* v. *Rose*, 87 N. C., 279; *Johnson* v. *Rowland*, 80 N. C., 1; *Hinton* v. *Deans*, 75 N. C., 18; *Thomas* v. *Simpson*, 80 N. C., 4; *Faison* v. *Johnson*, 78 N. C., 78; *Dobson* v. *Chambers*, 78 N. C., 334.

The plaintiff brings this action to recover from the defendant $134.14, with interest, which he alleges the intestate of the defendant realized from the sale of certain property of the plaintiff, and agreed to apply to the payment of certain judgments against the plaintiff that belonged to the intestate, which the latter failed to do. The defendant, by permission of the Court, alleged as a defence, that the plaintiff's alleged claim and cause of action had been litigated and determined adversely to him in another proceeding, wherein the present defendant was the interested plaintiff, and the present plaintiff was defendant. That proceeding was a rule upon the defendant (the present plaintiff) to show why an execution should not issue to enforce the judgments above mentioned. The defendant insisted that, therefore, the plaintiff was estopped as to his alleged cause of action, and the Court so decided. This decision is assigned as error.

The record is confused and not very intelligible. It was the duty of the appellant to show the alleged error if he could. If he failed because of his laches, it is his fault—not that of the Court. We cannot see that there is error. It appears from the evidence, accepted as true (and the Court so treated it), that the plaintiff's alleged cause of action was litigated and determined against him in the proceeding above mentioned and referred to. That it was con-

tested and determined in an application for leave to issue an execution to enforce a judgment, is no reason why the plaintiff should not be estopped. The whole matter embraced properly by such application became, and remains, *res adjudicata.* In disposing of the application, it was pertinent and proper for the present plaintiff to show that he had paid the judgment, and he did allege and contend that it was paid by the proceeds of the sale of his property realized by the intestate, the very money he seeks by this action to recover. In another proper proceeding between the plaintiff and the defendant, the present alleged cause of action was litigated and its merits adjudicated. The defendant clearly has the right to avail himself of the defence the Court allowed him to allege and establish. *Sanderson* v. *Daily*, 83 N. C., 67; *Tuttle* v. *Harrill*, 85 N. C., 456; *Warden* v. *McKinnon*, 99 N. C., 251; *Temple* v. *Williams*, 91 N. C., 82; *McElwee* v. *Blackwell*, 101 N. C., 193.

Affirmed.