J. W. WILSON et al. v. LOCKE CRAIGE.*

*Practice—Attachment for Contempt—Former Adjudication.*

Where a proceeding to attach a party for contempt, because of an alleged disobedience of an injunction order, was terminated by a refusal of the motion and a dismissal of the rule, the adjudication constitutes a complete defence against the further prosecution of the matter upon an affidavit identically the same as that upon which the first motion was based.

Motion to attach the defendant for contempt in wilfully disobeying a restraining order, heard before *Boykin, J.,* at Fall Term, 1893, of McDowell Superior Court. The facts are stated in the judgment rendered by his Honor, which was as follows:

"On the ____ day of _____, 1893, his Honor Judge J. D. McIver issued a rule against the defendant Locke Craige, made returnable to Spring Term, 1893, of Yancey Superior Court, and by consent removed before the undersigned for hearing and determination at the Fall Term, 1893, of McDowell Superior Court, requiring him to appear and show cause why he should not be attached for contempt for disobedience to a restraining order issued by his Honor Judge Spier Whitaker at chambers, in Raleigh, on the 1st of October, 1891.

"At the Spring Term, 1892, of the Superior Court of McDowell County, his Honor Judge J. F. Graves issued a rule in the same cause against the said defendant, requiring him to appear in Burnsville, Yancey County, on Friday of the Spring Term, 1892, of the said Superior Court, and show cause why he should not be adjudged in contempt of Court, for a violation of the said restraining order so issued as aforesaid by Judge Whitaker. At the time of issuing said rule,

---

*AVERY, J., did not sit on the hearing of this case.

the affidavit of J. W. Wilson, one of the plaintiffs, upon which the said rule was based, was before the Court and considered by the Judge (his Honor J. F. Graves). On the return day of the rule a copy of the same, and the answer filed by the respondent Locke Craige, were presented to the Judge. The said affidavit of J. W. Wilson, upon which the rule issued, was not then before the Court. The plaintiff first moved before his Honor Judge Graves to continue the hearing of the rule until such time as the said affidavit could be produced. The motion was refused. The plaintiff then objected to the hearing of the rule, because the Judge did not have the power to determine it in the absence of the plaintiffs' affidavit and the original rule. The restraining order of his Honor Judge Whitaker was not before the Court at the hearing. This motion was refused by the Court. The plaintiffs noted no exceptions. His Honor Judge Graves then proceeded to determine the matter, and after argument of counsel, discharged the said rule. The plaintiffs did not appeal.

"On the ____ day of _____, 1892, after the order of his Honor Judge Graves discharging the rule, a similar rule to the rule discharged by his Honor Judge Graves was issued by his Honor Judge Armfield, and on the return day thereof was considered by him, and after argument of counsel, was discharged, he being of opinion that plaintiff was estopped by the judgment of Judge J. F. Graves, but by reason of the failure of counsel to submit a judgment finding the facts and discharging the rule, no judgment was, in fact, signed by Judge Armfield. The plaintiffs noted an appeal from the ruling of his Honor Judge Armfield, discharging the rule, but the same was never perfected, because said judgment was never signed by him.

"Upon the foregoing facts, which are agreed to by the parties, the Court is of opinion that the plaintiffs cannot

WILSON v. CRAIGE.

further prosecute the rule returnable before the undersigned this day. Wherefore, the said rule is discharged."

Plaintiffs appealed.

*Messrs. T. W. Mason* and *R. O. Burton*, for plaintiffs (appellants).

*Mr. W. J. Peele*, for defendant.

*Per Curiam:* It is conceded that the plaintiffs' affidavit, upon which this motion to attach the defendant for contempt is based, because of an alleged disobedience of an injunction order of the Superior Court, is identical with the affidavit upon which a similar proceeding was prosecuted against the defendant in 1892, before his Honor Judge Graves. The record shows that that proceeding was terminated by the following judgment: "Motion to attach defendant for contempt of Court. Motion overruled. Rule dismissed."

From this judgment there was no appeal. It, therefore, stands as an adjudication in defendant's favor of the very matter which plaintiffs seek again to have considered. The plaintiffs' affidavit filed in that proceeding, the defendant's answer thereto, and that entry constitute a complete defence against the plaintiffs' further prosecution of this matter. It is an adjudication that the defendant was not guilty of the contempt charged against him then and now. If the plaintiffs were, for any cause, dissatisfied with that decision, they should have appealed from that judgment.

No Error.