MOORE v. HORNER.

[No. 17,963.   Filed November 24, 1896.]

ATTORNEY AND CLIENT.—*Negligence of Attorney.*—No mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground of relief unless it would have been excusable if attributable to the client.

FORMER ADJUDICATION.—*Motion to Vacate Judgment.*—Where at the same term of court at which a judgment by default was taken, a motion made to set aside such default is heard and overruled, the overruling of such motion is a final judgment and is a bar to another proceeding for the same purpose.

From the Boone Circuit Court. *Reversed.*

*Ira M. Sharp*, for appellant.

*Terhune & New*, for appellee.

MONKS, J.—This action was brought by appellee in

the court below under section .396, R. S. 1881 (399, Burns' R. S. 1894), to set aside a default and judgment of said court quieting appellant's title to certain real estate.

That part of the complaint which it is claimed sets out "the facts which show that the judgment was taken against appellee through his mistake, inadvertence, surprise or excusable neglect," is substantially as follows: "The original action to quiet title was commenced by appellant in the Boone Circuit Court on December 30, 1892, against appellee and others, including one Richard M. Crouch; that summons was served on appellee ten days before the return day thereof by copy; that said Richard M. Crouch, as the agent of appellee, employed the firm of Wesner & Wesner, practicing attorneys, to appear for appellee and make his defense to said action; that said attorneys accepted said employment and agreed to look after appellee's interest in said action and notify him when he should be needed; that said Wesner & Wesner entered their appearance generally for the defendants; that afterwards, one Patrick H. Dutch, a practicing attorney of said court, announced in open court that he appeared for Matilda Horner, one of the defendants in said cause; that C. S. Wesner, a "member of said firm of Wesner & Wesner, was present in court and heard said announcement, and understood and believed that said appearance was for appellee, and by reason of said misunderstanding he did not thereafter appear for appellee, but appeared for O. D. Wesner and Crouch and wife, who were also defendants in said cause; that afterwards a rule of court was taken against the defendants to answer, but because of said misunderstanding no one appeared for appellee and no answer was filed for him, and on the 22d day of January, 1893, a default was taken against appellee

Moore *v.* Horner.

without his knowledge or consent, and without his knowing that Wesner & Wesner were not appearing for him, and without Wesner & Wesner knowing that Dutch was not appearing for appellee; and afterwards, on February 4, 1893, appellant recovered judgment on said default, quieting his title to said lands."

It is earnestly insisted by appellant "that the facts stated in the complaint do not show that judgment was taken against appellee through his mistake, inadvertence, surprise or excusable neglect, but that the facts alleged show that the same was taken on account of the negligence of his attorneys, and that their negligence is attributable to him."

It is clear that the facts alleged show that the default was taken and judgment rendered against appellee on account of the negligence of his attorneys.

When C. S. Wesner, his attorney, understood from the announcement made by Mr. Dutch, that he appeared for appellee, proper diligence required that he make some inquiry of Dutch in regard to the same, and that he examine the files in the case. This he never did. He knew that Matilda Horner was a co-defendant in said cause with the appellee, Truman Horner. An examination of the issue docket, order-book entry or the answers filed would have disclosed his mistake. His failure to make such inquiry and examination was gross negligence.

It is a general rule that no mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground of relief unless it would have been excusable if attributable to the client. The acts and omissions of the attorney in such case are those of the client. *Indianapolis, etc., R. W. Co.* v. *Hood,* 130 Ind. 594,; *Sharp* v. *Moffitt,* 94 Ind. 240; *Kreite* v. *Kreite,* 93 Ind. 583; *Brumbaugh* v. *Stockman,* 83

Ind. 583; *Cox* v. *Harvey*, 53 Ind. 174; *Phelps* v. *Osgood*, 34 Ind. 150; *Frazier* v. *Williams*, 18 Ind. 416; *Spaulding* v. *Thompson*, 12 Ind. 477; *Heaton* v. *Peterson*, 6 Ind. App. 1; 2 Elliott's Gen. Pract., section 1032, and cases cited in note 2.

It follows, therefore, that the facts stated in the complaint did not entitle appellee to any relief under the provisions of section 396 (399), *supra.*

It appears, from the evidence given in this case, that at the January term, 1893, of said court, the same term at which said judgment was rendered, that appellee filed his written motion to set aside the default and judgment in said cause. That he afterwards filed an amended motion to set aside said default and judgment, which motion was supported by the affidavits of himself, Wesner and Crouch. The affidavit of Wesner in support of said motion being the same as the one given in evidence by appellee in this proceeding. To which motion as amended, appellant filed a counter-affidavit as to the excuse or mistake averred in said motion for allowing said default to be taken. That afterwards, at the March term of said court, said motion was overruled, to which appellee excepted. When the court overruled said motion, that was a final judgment in said proceeding, and the presumption is that the same was determined upon its merits, unless the contrary is shown. 1 Van Fleet's Former Adjudication, sections 15, 16, 17, 18, 19, 20 and 21, and cases cited.

The grounds for setting aside said default and judgment alleged in said motion, filed by appellee in 1893, were the same as those contained in the complaint in this proceeding, except that appellee's defense to the original action is more specifically stated in the complaint in this case than in said motion. It is not es-

sential, under our practice, that a motion to set aside a default under section 396 (399), *supra,* be verified.

It is settled law that whenever a matter is adjudicated and finally determined by a competent tribunal it is considered forever at rest. This principle not only embraces what was actually determined, but extends to every other matter which the parties might have litigated in the case. *Parker* v. *Obenchain,* 140 Ind. 211; *Wilson* v. *Buell,* 117 Ind. 315, and authorities cited.

We think the action of the court in overruling said motion made in 1893 to set aside the default and judgment in the original cause was an absolute bar to another proceeding for the same purpose. *White* v. *Watts,* 18 Ia. 74; *Kabe* v. *The Vessel "Eagle,"* 25 Wis. 108; *Mabry* v. *Henry,* 83 N. C. 298; *Himes* v. *Kiehl,* 154 Pa. St. 190, 25 Atl. 632; *Zadek* v. *Dixon* (Tex.), 3 S. W. 247; *Walker, Admr.,* v. *Heller,* 104 Ind. 327,; *Stults, Admr.,* v. *Forst,* 135 Ind. 297; *Parker* v. *Obenchain, supra; Davis* v. *Bass,* 4 Ind. 313; *Hawk* v. *Evans,* 76 Ia. 593, 41 N. W. 368; *Wilson* v. *Craige,* 113 N. C. 463, 18 S. E. 715; *State* v. *Evans,* 74 N. C. 324; *Moore* v. *Garner,* 109 N. C. 157, 13 S. E. 768; *Sanderson* v. *Daily,* 83 N. C. 67; *Phillips* v. *Queen,* (Ky.), 3 S. W. 146; *Nat'l Bank* v. *Hansee,* 15 Abb. N. C. 488; *Johnson* v. *Latta,* 84 Mo. 139; *Armstrong Co.* v. *Plum Creek Tp.,* 158 Pa. St. 92, 27 Atl. 842; *Gallaher* v. *City of Moundsville,* 34 W. Va. 730, 26 Am. St. 942, 12 S. E. 859; *N. Y. & N. J. Telp. Co.* v. *Metropolitan Telp. & Telg. Co.,* 81 Hun. 453, 31 N. Y. Supp. 213; *Rogers* v. *Hoenig,* 46 Wis. 361, 1 N. W. 17; *Pignolet* v. *Geer,* 19 Abb. Pr. 264; *Kaufman* v. *Keenan,* 2 N. Y. Supp. 395; *Hill* v. *Hoover,* 9 Wis. 12; *Pierce* v. *Kneeland,* 9 Wis. 19; *Austin* v. *Walker,* 61 Ia. 158, 16 N. W. 65; *Mayer* v. *Wick,*

15 Ohio St. 548; *Spitley* v. *Frost,* 15 Fed. 299; Van Fleet's Former Adjudication, sections 15, 16, 17, 18, 19, 20 and 21, and cases cited.

In 1 Van Fleet's Former Adjudication, at section 19, it is said: "An order denying a motion to set aside a judgment bars a new motion for the same purpose. So, the denial of a motion to set aside a judgment because obtained by irregular practice is a bar to a new one to set it aside because of a fraudulent advantage taken in entering it up, because the law does not tolerate successive proceedings to accomplish the same result upon newly assigned reasons. * * * An order overruling a motion to set aside a default precludes a suit for the same purpose."

Besides the default and judgment which it is sought by this proceeding to set aside were taken at the January term, 1893, of the Boone Circuit Court, the first motion to set aside said default was overruled April 29, 1893, and this proceeding for the same purpose was not commenced until July 19, 1894, more than seventeen months after the judgment was rendered in the original action. No excuse is shown for this delay. The record shows that appellee made his affidavit in the first proceeding to set aside said default on February 10, 1893, and knew then, if not before, that said default had been taken.

This court said in *Birch* v. *Frantz,* 77 Ind. 199, on page 203: "While it is true that the period of two years is allowed a party who seeks to set aside a judgment, in which to file his application, yet he is not excused from showing that he has acted promptly and diligently. After discovery of the default and judgment, a party who seeks relief must act with reasonable diligence. If he is unreasonably negligent in applying for relief he will obtain none."

This case is cited and the same doctrine declared in

*Ammerman* v. *State,* 98 Ind. 165, where there was a delay of seventeen months in making the application to set aside the default.

For the reasons given the judgment is reversed.