## WILMINGTON v. McDONALD.

(Filed December 1, 1903.)

1. PLEADINGS—*Time to Plead—Findings of Court—Appeal.*

A finding by the trial judge that the time for filing an answer has expired is conclusive, and any extension of the time is within the discretion of the court.

2. EXCEPTIONS AND OBJECTIONS—*Appeal.*

An exception that "the court erred in rendering said judgment" is too general to be considered on appeal.

3. LIMITATIONS OF ACTIONS—*Pleadings.*

The statute of limitations can only be raised by answer.

4. TAXATION—*Parties—Appeal.*

Where a judgment for taxes includes the poll tax of one not a party to the action, this portion will be stricken out on appeal.

5. TAXATION—*Taxes—Interest.*

A judgment for taxes should include interest on the amount due.

ACTION by the City of Wilmington against Bridget McDonald and others, heard by Judge *R. B. Peebles,* at January Term, 1903, of the Superior Court of NEW HANOVER County. From a judgment for the plaintiff the defendant appealed.

*W. J. Bellamy* and *Shepherd & Shepherd,* for the plaintiff. *L. V. Grady,* for the defendants.

CONNOR, J. This action is prosecuted by the plaintiff, the City of Wilmington, for the purpose of collecting certain taxes assessed against the property of the defendants specifically described in the complaint. The plaintiff alleges that the land was lawfully assessed for taxation by said city at the valuation and the rate set forth for years enumerated, amounting

to $534.38.   The complaint also alleges that certain taxes
were levied upon the "personal property and poll of the de-
fendants, Hugh McDonald and Bridget McDonald, amount-
ing to $18.35." Hugh McDonald is not a party to this action.
The complaint alleges: "That under the laws providing for
the collection of taxes by the City of Wilmington the taxes for
each and every year became due and payable on or before the
31st day of December of each and every year for which said
taxes were levied and assessed.   The judgment demanded is
that the plaintiff recover the amount of said taxes and interest;
that the amounts so due be declared a lien upon said property,
and that a sale thereof be ordered," etc.   The complaint was
duly verified.

The case on appeal states that on the call of the motion
docket the plaintiff asked for judgment against the following
of said defendants: Bridget McDonald, William Sheehan
and wife, William Smithson and wife.   The said defendants,
through counsel, appeared and asked leave to file an answer to
said complaint.   The Court refused the said defendants the
right to file an answer, for the reason that the same was not
filed within the time prescribed by law or by the rule adopted
by the members of the bar of said county.   Thereupon the
Court rendered judgment as demanded in the complaint.

The defendants moved his Honor to set aside the judgment
upon the ground that the same is void in law and contrary to
the statutes and the charter of said city, and upon the further
ground that his Honor had no authority in law to render the
same.   His Honor declined to allow said motion, and defend-
ants appealed.   They assign as error his Honor's refusal to
permit them to file an answer.   The finding of fact that the
time for filing answer had expired is conclusive, and it is too
well settled to require or justify discussion that the extension
of time is a matter within the discretion of the Court.   *Boddie
v. Woodard,* 83 N. C., 2; *Reese v. Jones,* 84 N. C., 597.

"The Court erred in rendering said judgment." The exception is too general. There is no suggestion in the assignment as to the respect in which the Court erred. The defendants' counsel relied in this Court upon the bar of the statute of limitations, especially of the provision in the charter of the city (1858-'59, chapter 198). The statute of limitations can only be raised by answer, but it would seem that this Court has held, in *Wilmington v. Cronly,* 122 N. C., 383, that if pleaded the statute would not have availed the defendant. As no answer was filed and we find no error on the record, we affirm the judgment without deciding several questions argued before us. We find, however, that the judgment includes the poll tax of Hugh McDonald, who is not a party to the action, and it is not alleged that he owned the property sought to be sold. This amount should be stricken out. We see no reason why the amount due as taxes should not bear interest. The assessment has the force and effect of a judgment and carries interest under the statute.

Affirmed.