## ANSEL BASCOM agt. ABEL FEAZLER.

A judgment will not be set aside as irregular by reason of any default or negligence of any clerk in entering rules, by which neither party shall have been prejudiced.

A motion having been once decided on the merits, without leave to renew, the decision will be held conclusive where the facts are *essentially the same*, on the second application.

*December Term*, 1845.

MOTION by defendant to set aside a judgment for irregularity.

This suit was commenced by capias, for trespass in cutting down timber, &c., on plaintiff's premises; the writ was returnable at May term, 1844. Defendant gave bail to the sheriff, and a declaration *de bene esse* was filed on the 23d May, 1844. Plaintiff's attorney in October term afterwards wrote to the clerk at Geneva, to enter the proper rules for a writ of inquiry; the writ of inquiry was not executed until January, 1845. The day before the writ was executed, plaintiff's attorney wrote again to the clerk, as follows (after giving the title, &c.) " I am not certain that defendant's appearance has been entered: enter defendant's appearance, default for want of a plea, rule for interlocutory judgment and that a writ of inquiry issue. Let it be done to-morrow, Friday, January 17, 1845." To which the deputy clerk wrote in return. "This rule was entered October 21, 1844, which answers all

purposes, I should think." On the 18th January, 1845, the writ of inquiry was executed.

The defendant's attorney, about the first of June last, personally examined the common rule books and files of the clerk, at Geneva, and found that no common bail had been filed for defendant by the plaintiff, and that neither the appearance nor default of the defendant had been entered, and that no paper had been filed or rule entered between the 23d May, 1844, and the 22d Oct., 1844, when a rule, that a writ of inquiry of damages issue, was entered, and procured the clerk's certificate of those facts. The defendant made a motion to set aside the judgment and proceedings in this cause, at the last April special term, which was denied on the merits without any leave given to renew; he had not at that *time found out the   [*17] omission of the entry of the rules by plaintiff's attorney, and at this term renewed the motion on the merits essentially on the same facts, as well as to set aside for irregularity. The defendant claimed on the merits, that he owned the premises, for which he had been prosecuted by plaintiff, for committing trespass upon, and had been deceived by plaintiff in relation to the title, &c. The papers on both sides contained the whole history and merits of the case.

> MR. FOOTE, *defendant's counsel.*
> WM. S. STOW, *defendant's attorney.*
> N. HILL, JR., *plaintiff's counsel.*
> S. D. TILLMAN, *plaintiff's attorney.*

JEWETT, Justice. I must regard the denial of the motion made in this cause at the last April term as decisive of this motion, so far as the merits are concerned (*Dollfus and others* agt. *Frosch,* 5 *Hill,* 493, 4, *note A.*)

As it respects the irregularity complained of, it is shown by the affidavit of the plaintiff that on the 17th day of January, 1845, prior to the time when the writ of inquiry was executed, he wrote to the clerk of this court at Geneva, that he was not certain that the appearance of the defendant had been entered; and directed him to enter the defendant's appearance,

default for want of a plea, rule for interlocutory judgment, and that a writ of inquiry issue as early as the next day. The clerk answered this letter, that "this rule was entered October 21, 1844." If it was not done, it was clearly the negligence or omission of the clerk, and neither party has been prejudiced by the omission, the judgment must be. held to be regular. (2 *R. S.* 424, 5, § 7, *sub.* 13, 14.)

Motion denied, with $7 costs.