Roosevelt, Justice.
All the questions of alleged irregularity existed, and were known prior to the 29th Sept., 1851.
They were passed upon, after argument, by the court at special term, both parties being heard on that day.
The order of that date decided that there was no irregularity; that the defendant was not entitled to further time to make a case; and that the plaintiff’s proceedings ought not and should not be stayed. .
The defendant’s application was accordingly denied, with costs.
By the 87th rule of the court, which this case demonstrates the necessity of enforcing, it is declared that<c if any application for an order be made to any justice of this court, and such order be refused, in whole or in part, or be granted conditionally, or on terms, no subsequent application, upon the same state of facts, shall be made to any other justice ; and if, upon such subsequent application, any order be made, it shall be revoked. (See also Mitchell agt. Allen, 12 Wend. 290; Dolfus agt. Frost, 5 Hill, 493; Allen agt. Gibbs, 12 Wend. 202.)
The same state of facts, substantially, is now presented.
If there be any difference, it is very slight; and even that is met by the established practice, that “ a party complaining of any proceeding in a cause must embody all objections, then existing^ in one motion; he cannot make a separate motion for each objection. (Desmond agt. Wolf, 1 Code Rep. 49.)
*116 In other words, he cannot bring forward his objections by instalments: such a course would lead to interminable vexation, delay, and expense.
The three several chamber orders obtained by the defendant, bearing date the 21st Nov., 1851, and the 7th and 29th Jan., 1852, so far as they may be construed as creating a stay of proceedings beyond twenty days, are irregular for the further reason that, by the 401st section of the Code, it is provided that—
“ No order to stay proceedings for a longer time than twenty days, shall be granted by a judge out of court, except upon previous notice to the adverse party.”