## LOVELL *a.* MARTIN.

*New York Common Pleas; Special Term, May,* 1861.

### RENEWAL OF MOTION.—PROVISIONAL REMEDY.

After a defendant has moved to vacate an order of arrest, the order being founded on facts extrinsic to the cause of action, and his motion to vacate it being founded only on the plaintiff's original affidavits,—if such motion is denied, he should not be allowed to renew it upon opposing affidavits on his own part, especially where the order denying his motion has been affirmed on appeal.

Application for leave to renew motion.

This was an application by the defendant for leave to renew, upon affidavits on his part, a motion to vacate an order of arrest, he having heretofore moved to vacate upon the affidavits upon which the order of arrest was granted, and the motion having been denied, and the order of denial affirmed upon appeal. The action was on contract, and the facts upon which the arrest was obtained were not set forth in the complaint.

*John E. Burrill* and *Wm. Henry Forman,* for plaintiff.

*Lucien Birdseye,* for defendant.

BRADY, J.—In this case, the defendant having moved to discharge the order of arrest upon the affidavits on the part of the plaintiff, and on which the order of arrest was granted, the order having been sustained and affirmed on his appeal to the general term, the defendant has waived his right to move on affidavits, on his part, to discharge the order of arrest. When

the order is predicated of the charge of having fraudulently contracted the debt, the right of arrest being a provisional remedy, the examination of the question of fraud, if not a trial, as suggested in Corwin *a.* Freeland (2 *Seld.*, 560), is certainly a judicial determination of the question, which partakes of all the force and effect of the finding of a judge on a question of fact, and can be reviewed only on appeal to the general term. If the defendant relies upon the insufficiency of the plaintiff's affidavits, refusing to produce proof on his own behalf, his proceeding assimilates to that of a defendant, who, on the trial, submits the case proved against him to the consideration of the court, refusing or declining to produce evidence on his own behalf. The Code (sections 204, 205) provides for one motion only; and when one is made by a defendant and decided against him, especially if he appeal from such decision, he cannot, and, in justice, ought not, to be permitted to renew his motion on his own proof, and thus subject the court to two distinct considerations of his case on the same subject.

The motion must be denied, but without costs, the question being new.

## HAYES *a.* CARRINGTON.

*New York Superior Court; Special Term, May,* 1861.

### EXONERATION OF BAIL.—EFFECT OF DEATH OF PRINCIPAL.

Bail, who have been sued, on their liability as such, are exonerated if their principal dies before the lapse of eight days after the expiration of the twenty days fixed by the summons in the action against them. The provision of 2 Rev. Stat., 383, § 34,—allowing exoneration on the death of the principal, within eight days after return of process,—is not repealed by the Code; and the expiration of the time to answer or to appear, is to be deemed the time of the return of the process.

*It seems,* that the last clause of section 191 of the Code,—allowing bail to be exonerated within twenty days after action brought, or within such further time as may be allowed by the court,—is to be construed as qualifying each of the former clauses of that section, so that the court may grant further time to exonerate, in the case of death, imprisonment, or discharge of the principal, as well as in case of his surrender.