THE PEOPLE ex rel. DAVID WILBUR and another, Plaintiff's in Error, v. JOHN EDDY and another, Defendants in Error.

(GENERAL TERM THIRD DEPARTMENT, JULY, 1870.)

A county judge, as provided by section five, chapter 384, Laws 1859, may remove the town railroad commissioners referred to in that statute, for unlawful or willful *non-feasance* in office.

Accordingly, where the commissioners refused cash at par, with accrued interest, for their town stock, and contracted for the sale of the same, with payment when transferred upon the company's books and voted upon, in favor of certain persons as directors, at a future election, an order of the county judge declaring their offices for that reason vacant, and appointing new commissioners, was affirmed.

And it seems the county judge having jurisdiction, his finding and determination upon the facts were not subject to review.

*Held* further, that a dismissal of an application for the removal, &c., of the commissioners was not a bar to its renewal, where the ground of the dismissal, was shown to be unfounded in fact.

CERTIORARI to the county judge of Otsego county, to review proceedings in which he made an order declaring the office of the relators as railroad commissioners of the town of Milford, vacant and appointing the defendants in their places.

*E. Countryman*, for the relators.

*E. M. Harris*, for the defendants.

Present—MILLER, P. J. and POTTER, J.

By the Court—MILLER, P. J. Some of the questions arising in this case are fully discussed in the opinion in the case of *The People* v. *Burnside*, and the doctrines there laid down are entirely applicable. But the order of the county judge in this case is based on a different ground. The order recites that proof to the satisfaction of the county judge had been produced that the commissioners had refused and willfully neglected to perform their duties as commissioners, in "refusing to sell or dispose of the capital stock of said railroad company," &c., "for cash according to law, for its par value, and in attempting to sell the same conditionally on credit." The order was based in part upon the ground that the commissioners were guilty of an unlawful refusal and willful neglect of duty in refusing to sell for cash and at par, according to law. In the opinion referred to, I have attempted to show that such an act of unlawful and willful *misfeasance* was embraced in the provisions of the act under which the proceedings were had (S. L. of 1859, chap. 384, § 5); and in accordance with the views there expressed, I think the county judge was authorized to make the order, if a case of unlawful refusal or willful neglect to sell for cash and at par was made out. There was evidence to show that the relators were offered cash at par for the stock and payment of the accrued interest. This offer was refused and a contract was made to sell the same, to be paid for when the stock was transferred on the books of the company, when a certain other contract was fulfilled, viz., when the stock was voted for at a future election of directors of the company in favor of certain persons named. The refusal of the offer made and the entering into a contract so clearly against the interest of the tax-payers of the town, furnished sufficient evidence of a failure to perform their duty in refusing to sell on the most

advantageous terms, and justified the conclusion of the county judge, and the order made by him. The county judge having jurisdiction and power to act in the premises, his findings and determination are conclusive and not the subject of review. (*The People* v. *Board of Assesors*, 39 N. Y., 81, 88; *People* v. *Board of Police Com.*, id., 506, 512, 517.) The county judge found by his order that the commissioners had done more than committed an error of judgment, and had unlawfully refused to make the sale according to law and transcended whatever discretion was conferred upon them.

It is urged that the dismissal of the first application made by the relators is a bar to the last one. The proceedings were dismissed upon the sole ground that the commissioners had sold the stock for cash at par, and in that respect complied with the law which subsequently on the second application appeared to be untrue. I think the objection is not well taken. The application is in the nature of a summary proceeding under a special statute, and differs materially from those cases where a judgment is pronounced after a full trial and hearing, according to the practice of a court, or the provisions of law, prescribing the manner and mode in which a trial or disposition of the case may be had; such as the taxation of a bill of costs (*Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26), or summary proceedings to recover possession of leased premises (*White* v. *Coatesworth*, 2 Seld., 137), or a judgment upon a verdict. (*Demarest* v. *Largo*, 32 N. Y., 281.)

No notice is required by the statute of the application, and it is perhaps more in the nature of a motion where leave to renew may be granted. If the judge had considered the service of the papers defective, or the papers insufficient or even fully answered, there can be no doubt but that he would have been authorized to grant leave to renew the application. Although such leave was not formally granted before the application, he had a right when it was made to hold that he would grant leave on the spot, and without making a formal order to that effect, to say that he would hear the application on

Hewett v. The N. Y. Central Railroad Company.

the merits. In *Dollfus* v. *Frosch* (5 Hill, 493), an order for a commission was allowed to stand although irregularly granted after a previous application had been denied, and no leave to renew had been obtained.

Motions in the course of practice are addressed to the discretionary power of the court, and the doctrine of *res adjudicata* does not strictly apply. The renewal of them is a matter of discretion, and the question of granting leave or allowing them to be made without any leave must always rest in the judgment of the tribunal to which they are addressed, without limiting its operation to any strict rule of practice. More especially should this be the case when the proceeding is before a local officer, relates to officers appointed by him, and no rules of practice have been established in regard to it. I think that the county judge was right, and that the order made by him should be affirmed, but no costs should be allowed.

Order affirmed.