Wentworth agt. Wentworth.

# SUPREME COURT.

## Delos Wentworth agt. Avona Wentworth.

*Denial of motion — no leave to renew — when and how new application to be made.*

Where a special motion is made and denied without any leave given to renew it, if either party desires to be relieved of the order, an application should be made to the court for leave to have a rehearing.

Upon such an application, addressed to the discretion of the court, fresh facts or some good excuse should be furnished.

If a new state of facts arises after the hearing and denial of a motion, a new motion may be made based upon such new facts, and granted, even when leave has not been obtained to renew.

It is within the discretion of the court to allow a motion to be renewed upon the same state of facts, upon an application addressed to the discretion of the court for that purpose.

The practice upon application for leave to renew motions is pointed out in *Fowler* agt. *Huber* (7 *Robt.*, 52).

Where defendant's motion to serve an amended answer was granted upon terms, which he omitted to comply with within the time fixed in the order, and on a second motion for the same purpose and upon a like answer, he is barred by the former order, there being no leave given to renew the motion.

But such denial or refusal to pass upon the application, was without prejudice to a motion for leave to renew a motion for leave to serve an amended answer.

Where the defendant on a motion for alimony, expenses, &c., pending the action, was allowed a certain sum payable on certain terms and conditions required by the order, and failing to comply with them the plaintiff was relieved from the payment of such sum; but the defendant, on a second application on producing further evidence and an additional state of facts, was allowed a certain sum upon the case as then presented, without prejudice to such further application as should be suitable, if the court should grant leave to renew the first motion, and also grant leave to serve an amended answer.

*Herkimer Special Term*, 1876.

MOTION by the defendant for an order allowing defendant to serve an amended answer. Second, " and also that plaintiff be compelled to pay the defendant a reasonable sum· to enable ·her to prepare and defend this action,· or for such other or further rule or order as the court may see fit."

The affidavit of the defendant and one of her attorney's affidavit in support of the motion were read, and a stipula- · tion that the motion be heard at the chambers of justice HARDIN.

The plaintiff's attorney reads his affidavit, giving a history of the proceedings in the action, and that affidavit shows that the answer, as proposed to be amended, is the same that was prepared and proposed at the time of the motion made in July, 1875. The plaintiff's attorney took a preliminary objection to the motion, which he stated in time, the consideration of which was reserved. The objection made was, that the motion had once been heard, and that no leave had been obtained to renew the motion, and that the motion of July, 1875, is a bar to this motion.

It does not appear that any new facts are stated in the proposed amended answer, other than those stated in the proposed answer embraced in the motion of July, 1875. · After the order of July, 1875, entered in August, 1875, was served, the defendant took an appeal to the general term, and the order was there affirmed. The defendant appealed from the general term to the court of appeals, and the appeal was dismissed by the court of appeals, thus leaving the order made by justice HARDIN, in 1875, in full force.

*Morgan & Rafen*, for motion.

*A. H. Prescott*, opposed.

HARDIN, *J.*—So far as any question arises upon this motion which was presented to the court and passed upon in the motion heard in July, 1875, the decision there must be adhered to and followed.

The order of July, 1875, is in force and binds the parties.

If either party desires to be relieved of the order, an application should be made to the court for leave to have a rehearing.

Upon such an application addressed to the discretion of the court, fresh facts or some good excuse should be furnished (*Patterson* agt. *Bacon*, 21 *Howard*, 478; *Belmont* agt. *Erie R. R. Co.*, 52 *Barb.*, 637).

If a new state of facts arise after the hearing of a motion and denial, a new motion may be made, based upon such new facts and granted, even where leave has not been obtained to renew (*Erie R. R.* agt. *Ramsey*, 57 *Barb.*, 449).

It is within the discretion of the court to allow a motion to be renewed upon the same state of facts, upon an application addressed to the discretion of the court for that purpose (*Smith* agt. *Spalding*, 3 *Robertson*, 615; 30 *How.* 339; *S. C.*, 52 *Barb.*, 637).

The practice upon applications for leave to renew motions is pointed out in *Fowler* agt. *Huber* (7 *Robertson*, 52).

Applying the principles above stated to this case, it follows that this motion, so far as it relates to the application for leave to serve the amended answer proposed to be served in March, 1876, must be denied, and the preliminary objection held well taken by the plaintiff. Such denial or refusal to pass upon the application for leave to serve such amended answer must be without prejudice to a motion for leave to renew a motion for leave to serve an amended answer.

The right to serve an amended answer under the order of July, 1875, had expired when the defendant, in March, 1876, gave the stipulation and offered to serve the amended answer, and the defendant was in default, having omitted to serve the answer and give the stipulation "within ten days from the service of the order" of July 27, 1875.

Under the order of July 27, 1875, the cause stands recommitted to the referee, and the plaintiff is by that order author-

ized to take any "further proofs before the referee, upon the usual notice."

The plaintiff was therefore regular in noticing the cause for a further hearing before the referee, and the defendant has the right to appear upon such hearing.

The other branch of the motion now made relates to an allowance for expenses of the defendant's defense.

The affidavit presents now some facts in respect to the nature of the labor and expenses incurred, and which may be allowed, that were not before the court when the motion was made in July, 1875, for an allowance.

The usual course in this class of applications must be pursued in disposing of this branch of the motion. The merits of a defense are not to be passed upon finally upon such motions (*Miller* agt. *Miller*, 43 *How.*, 127).

It is in the power of the court to grant an allowance for expenses during the pendency of the action.

The defendant has defended this action very resolutely so far, and until the court finally adjudges that she is guilty she has the right to defend, and to have suitable allowance for expenses of a reasonable defense; and sometimes when the wife is convicted of adultery, and an attorney has conducted her defense, an allowance is made out of the husband's estate, if the defense has been entered upon in good faith. But it is not necessary to pass upon that question upon this motion.

The defendant has received nothing in this case to defray the expenses of her defense.

The affidavit now produced shows that witnesses are needed by her to enable her to maintain her supposed defense, and it contains some facts upon this subject not before presented to the court upon her former application for expenses.

The first application was properly denied, because it then appeared she had some $500 in her own right, which has since been expended.

The second application was granted conditionally, and the

conditions annexed have not been complied with, and therefore she did not become, under the order then made, entitled to the payment of the allowance.

But she is not to be deprived of an allowance at this stage of the case because she has not before been successful in obtaining it.

The original answer, served 14th of September, 1874, by defendant, controverts the plaintiff's allegations of the adultery of the defendant, and under it the defendant was entitled to give any proof before the referee which will support the denials. No order has been made which takes away that right. The cause was recommitted to the referee by the decision made upon the motion heard July, 1875, and if the plaintiff gives additional proofs, the defendant is entitled to appear before the referee and take part in the hearing. This right is independent of any amendment to her answer.

If she desires to give evidence of recriminatory charges, proper allegations must be inserted in her answer (2 *R. S.*, 145, *sec.* 42, *sub.* 4; *Lessuer* agt. *Lessuer*, 31 *Barb.*, 330; 11 *N. Y Leg. Obs.*, 350; 17 *Abb.*, 48).

Having shown that the proposed amended answer was not served in time under the order of 27th July, 1875, and that it was properly returned when offered with the stipulation to go to trial upon ten days' notice, it follows that the order for payment of fifty dollars toward expenses, as stated, was inoperative and the plaintiff therefore not in default for not paying the allowance which was then made conditionally.

The defendant, upon a motion for leave to renew the application for leave to serve an amended answer, may be able to render to the court a suitable and sufficient excuse for non-compliance with the terms of the order of 27th July, 1875, and if such excuse be held sufficient may be able to obtain an order for leave to serve an amended answer.

The allowance of such an amended answer would give the court reason to believe that a larger sum was needed to properly present proofs under the allegations of the proposed

amended answer than is needed to present her proofs before the referee under the answer as it now stands.

The allowance now made must, therefore, be limited to the case as it is now situated upon the present pleadings, and without prejudice to such further application as shall be suitable if the court shall grant, first leave to renew the motion, and secondly, shall grant leave to serve an amended answer (*Fowler* agt. *Huber*, 7 *Robt.*, 52).

Upon this application for an allowance the order must provide that the plaintiff pay to the defendant thirty dollars toward the expenses of her defense, and without prejudice to apply at a later stage of her case for a further allowance, and that plaintiff's proceedings before the referee to adjourn, be stayed until such payment be made.

Second. The order must provide that the preliminary objection taken by the plaintiff's counsel to this motion be held good, to that part of the motion which asks leave to serve an amended answer; and

Third. That the refusal to allow an amended answer to be served upon this motion shall not be a bar to a motion for leave to renew the motion for leave to serve an amended answer.

Fourth. No costs are allowed upon this motion, as neither party is fully successful.

This decision will be filed with the clerk of Herkimer county, and either party may serve a copy thereof upon the attorney of the other, and a proposed order; and if the terms of the proposed order are not assented to by the party upon whom it shall be served, the same may be settled before me upon five days' notice.