Westbrook, J.
On the 14th day of February, 1874, the National Bank of Port Jervis, as plaintiff, by A. C & T. A. Niven, its attorneys, recovered a judgment against Jesse 0. Hansee and John Hansee, as defendants. The recovery was upon a promissory note of which J esse 0. was the maker and John the accommodation indorser. An execution was issued upon such judgment by the attorneys of the plaintiff to the sheriff of Sullivan county, and on or about April 14, 1874, John Hansee paid the full amount thereof to the attorneys of the plaintiff, who then withdrew such execution. The payment, however, was not to extinguish the judgment, but the same was to be kept in life and to be assigned to the wife of the said John Hansee. On January 24, 1883, such assignment to Cornelia S. Hansee, the wife of John Hansee, was executed and delivered. The judgment-roll in the action was filed in the clerk’s office of Orange county, and the original entry of the judgment was there. A transcript of such judgment was filed in the office of the clerk of Ulster county on the 11th day of July, 1883, and judgment then entered in such county. That county was the residence of Jesse 0. Hansee, and on the day of its docket and entry therein an execution issued to the sheriff of such county, which was returned unsatisfied to the Orange county clerk’s office July 18, 1883. The execution was subscribed “ A. N. Childs, attorney for plaintiff,” and stated in the body thereof the assignment to Cornelia S. Hansee on January 24, 1883. The direction to the sheriff was to collect the execution and judgment out of the property of the defendant Jesse C. Hansee. Such execution did not issue at the request of the plaintiff in the judgment, nor was any permission or leave to issue it obtained or granted by any order of this court.
' Several orders for the examination of Jesse 0. Hansee in proceedings supplemental to execution have been obtained by the assignee of the judgment and are now pending before the county judge of Ulster county. Upon the return day of the first of said orders Jesse 0. Hansee appeared before said *203 county judge and claimed that he had paid the judgment in full to John Hansee, producing as the evidence of such payment a receipt, dated December 11, 1880, purporting to be signed and executed by said John Hansee. The proceeding before the county judge was adjourned, and Jesse C. moved at special term to vacate the order for examination and to set aside the execution and its return, upon the ground that the judgment had been paid to John, and was extinguished by the receipt of the date of December 11, 1880. Such motion was resisted by John Hansee and wife, they claiming that the judgment had never been paid and that the signature to the pretended receipt was not in John’s handwriting, nor authorized by him. ' The affidavits upon such motion being very conflicting by order of the date of August 11, 1883, it was referred to J. Hew ton Fiero, counselor-at-law of the city of Kingston, to take proof, and to report such proof with his opinion to the court whether or not the said Jesse C. had paid said judgment to John, and also whether or not John had executed the pretended release of said judgment of the date of December 11, 1880. By his report, dated April 14, 1884, the referee found that John Hansee did not make nor execute such receipt, and that no payment on account of such judgment had been made either to John Hansee or to his wife. By order of the special term of the date of May 3, 1884, the report was confirmed, the motion to set aside the execution and return with the supplemental proceedings based thereon was denied, and $179.02 costs and disbursements upon such motion were directed to be paid by the said Jesse 0. Hansee to John Hansee. On appeal to general term by order dated September 9, 1884, the order of the special" term was affirmed, with ten dollars costs. The order at general term was granted upon the default of Jesse C., who by order of the special term dated December 13,1884, was permitted to move at the general term to open such default on the payment of ten dollars costs, and in the meantime if such payment was made the supplemental pro *204 ceedings were stayed pending such appeal. Of such order of the special term Jesse has not availed himself. The costs of the previous motions imposed both at special and general term have not been paid either in whole or in part. Jesse 0. Hansee now moves to set aside the execution and return with the various orders in supplemental proceedings, upon the grounds that leave of tljp court to issue such execution was not obtained, as the law required it to be when the execution issues after the lapse of five years from the entry of the judgment, as it did in this case, without the issue and return of an execution within five years from the recovery of such judgment, and that the payment by John to the attorneys of the plaintiff extinguished the judgment. He avers that when the previous motion was made he was not aware of the existence of the grounds upon which he now moves.
The present one must, however, also be denied for several reasons (which are given without discussion), to wit:
First. The prior motion is a bar upon the principle of res eFguMcata. It is a bar not because the points now made were made, but because they might and should have been made. The moving party, had he used ordinary diligence, could have ascertained the facts upon which he now moves, and this want of diligence would defeat a motion for leave to renew. It is moreover difficult to appreciate the excuse which Jesse makes, for not uniting the present grounds of motion with those urged on the prior occasion. If he supposed no execution had been issued and returned he would have moved to quash the supplemental proceeding on that ground; and if he knew one had been issued and returned, he knew its date, and knew that he had had no notice of motion for leave to issue. Neither had he, as has already been said, any right to assume without inquiry that an execution had been issued and returned within five years, and he cannot be held ignorant of that which he should have known. He has, however, obtained no leave to renew the motion, and without such leave the denial of the previous motion is a bar. ■
*205 Second. The costs imposed upon the first motion made in this matter by the party now moving are unpaid, and by the Code of Civil Procedure {sec. 779) such non-payment stays “all proceedings on the part of the party required to pay them, except to review or vacate” the order or orders imposing them, “ without further direction of the court, until the payment thereof.” The court is powerless, without the payment of costs directed to be paid, to entertain the present motion.
Third. As the orders of the special term and general term adjudging the judgment unpaid are unreversed, the motion has no equity to sustain it. If granted, it must be upon the technical ground that the execution issued after five years without the order of the court. An order allowing such issue would undoubtedly have been made on application, because the court now knows, for the fact has been so jud/iciall/y determined, that no part of the judgment has been paid, and the same is wholly unsatisfied; and because the court would, if a motion so to do was made, allow an execution to issue to enforce the payment of this unpaid judgment, it will refuse to vacate and set aside the one already issued (Bank of Genesee agt. Spencer, 18 N. Y., 150). By section 724 of the Code of Procedure the court is authorized to “supply an omission in any proceeding ” and in this case, in which ail the equities home been ascertained and settled by a full and cojreful judicial inquiry, it would be manifestly unjust to refuse to exert the power conferred in behalf of a party who has acted in perfect good faith, and done only that which the court would have allowed him to do had he asked it.
Fowrih. The payment by John Hansee to the attorneys of the plaintiff did not extinguish the judgment. John was the surety and Jesse C. the principal debtor. Payment by the former did not extinguish the debt and he could have taken an assignment to himself and enforced it for his own benefit. (Alden agt. Clark, 11 How., 269 ; Bangs agt. Story, 7 Hill, 250; 4 N. Y., 315.)
*206 In this case the proof is that it was understood that the pay ment should not extinguish the judgment and that it should be assigned.
The motion must be denied, with ten dollars costs.