ENDERLIN STATE BANK *vs.* REUBEN P. JENNINGS.

Opinion filed August 14th, 1894.

**District Judge—Powers—Review of Decision of Another District Judge.**

> In an action pending in one judicial district, a motion was made to set aside an attachment issued in the action, and was denied. Thereafter, the case having been transferred to another judicial district, the same motion was made, on the same facts, before another judge, who was the judge of such latter judicial district. No claim of surprise, or that new evidence had been discovered, was made on the second motion, nor was any reason assigned for the renewal of the first motion. The judge who denied the first motion did not grant defendant leave to renew it. The second motion was entertained and granted by the other judge. *Held* error, for the reason that one judge has no power to review, on the same facts, the decision of another judge, of co-ordinate jurisdiction.

> Whether the judge who decided the original motion could have entertained such second motion on the same state of facts, not decided.

Appeal from District Court, Barnes County; *Rose,* J.

Action in attachment by the Enderlin State Bank against Reuben P. Jennings. From an order sustaining a motion to vacate the warrant of attachment, plaintiff appeals.

Reversed.

*Ed. Pierce* and *Edward Engerud,* for appellant.

The defendant voluntarily appeared in the District Court of Ransom County and sought the adjudication of the court upon plaintiffs right to the writ of attachment. The attachment was sustained and this adjudication was a bar to any further proceedings. 1 Herman on Estoppel, 472; *Austin* v. *Walker,* 61 Ia. 158, 16 N. W. Rep. 65; *Mayer* v. *Wick,* 15 Ohio St. 548; *Rogers* v. *Hoenig,* 46 Wis. 361; *Dwight* v. *St. John,* 25 N. Y. 203; *Grier* v. *Jones,* 54 Ga. 154; *Pierce* v. *Kneeland,* 9 Wis. 23; *Corwith* v. *Bank,* 11 Wis. 430; *Hill* v. *Hoover,* 9 Wis. 15; *Bank* v. *Uphan,* 14 Wis. 596; *Cothren* v. *Connaughton,* 24 Wis. 134; *Kabe* v. *Eagle,* 25 Wis. 108; *Peo.* v. *Center,* 61 Cal. 191; *Gregory* v. *Haines,* 21 Cal. 443; *McCullough* v. *Clark,* 41 Cal. 298; *Langdon* v. *Raeford,* 20 Ala. 532; *Gavin* v. *Graydon,* 41 Ind. 559; *Sanderson* v. *Daily,* 83 N. C. 67; *Mitchell* v. *Allen,* 12 Wend. 290; *Commissioners* v. *McIntosh,* 30 Kan. 234.

*Ball & Watson, G. K. Andrus* and *R. J. Mitchell*, for respondent.

The courts of the two states from which our practice has been so extensively borrowed, New York and California, hold that motions may be renewed upon the same grounds upon which they were originally made. That while it is better practice first to obtain leave to renew, yet this is not indispensable. *Harris* v. *Brown*, 93 N. Y. 390; *Riggs* v. *Pursell*, 74 N. Y. 370; *Belmont* v. *R. R.*, 52 Barb. 637; *White* v. *Monroe*, 33 Barb. 650. It is a discretionary matter and the court will be presumed to have exercised its discretion properly. *Hitchcock* v. *McElrath*, 69 Cal. 634; *Kenney* v. *Kelleber*, 63 Cal. 442; *Bowers* v. *Cherokee Bob*, 46 Cal. 280.

CORLISS, J. The order appealed from vacated a warrant of attachment. The order was made by the District Court of the Fifth Judicial District. The action was originally brought in the Fourth Judicial District. While it was there pending a motion was made before the District Court of that District to set aside the warrant of attachment which had been issued in the action. The ground upon which this warrant was issued was that defendant had assigned and disposed of his property with intent to hinder, delay, and defraud his creditors. After a final hearing the court denied the motion, and one of the grounds of the court's decision in denying the motion was that defendant had disposed of his property with intent to hinder, delay, and defraud his creditors. From this order no appeal was taken. Subsequently, the parties stipulated to change the place of trial to Barnes County, in the Fifth Judicial District. Upon this stipulation an order was made changing the place of trial to Barnes County, and thereafter another motion was made to set aside the same attachment. This motion was granted. Upon the hearing of it, plaintiff relied upon the previous order made by the court of the Fourth Judicial District, denying such motion, as a bar to the second motion. No counter affidavits on the merits of the motion were filed, but plaintiff relied solely upon the point that the question of vacating the attachment was *res judicata*. Upon the second

motion the affidavits used on behalf of defendant contained no
new facts, nor was there any claim made on such motion that any
facts existed, different from those which were urged on behalf of
defendant on the previous motion as a reason for vacating the
attachment.   Not a single reason is disclosed, anywhere in the
record, why another motion should have been made.   There was
no pretense that defendant would be able to offer any different
proof in rebuttal, or that the case would, in any respect whatever,
stand upon facts different from those already presented to the
District Court of the Fourth Judicial District, and on which that
court had decided that the attachment should be sustained.

The respondent urges that it is always discretionary with a
court to hear the same motion on the same papers and evidence,
and that such a discretion the appellate tribunal will not interfere
with.   The rule certainly at one time did prevail that the doctrine
of *res judicata* did not apply to decisions upon motions.   That·
rule has by no means been abrograted, in its full scope; but
changes in procedure have wrought corresponding changes in this
doctrine, and have taken certain motions out of the general rule.
The reasons for the doctrine were that motions did not receive
such grave consideration as regular trials of issues of fact, and
that there was no right of review in a higher tribunal.   *Simson* v.
*Hart*, 14 Johns. 75.   Neither of these reasons apply to many
motions, under our systems of procedure.   We will confine our-
selves, however, to motions of the character of the one which
culminated in the order appealed from.   Whether an attachment
shall stand or fall is a question entirely distinct from the merits
of the action in which it was granted.   That question cannot be
tried in this state in connection with the trial of the case itself. It
must be settled in a separate proceeding.   That proceeding is a
motion to discharge the attachment.   It is in this way only that
the court can ever decide whether an attachment shall be
sustained or set aside.   It would seem, on principle, that where
there had been a full and fair hearing on this question, and a
decision made, that decision should forever settle that question

between the parties, in the absence of some evidence to show that by reason of surprise, excusable neglect, or because of newly discovered evidence, it would be just to reopen the matter and grant a rehearing. That the defendant in this case had such a full and fair hearing on the first motion is apparent from the fact that he was allowed ample time after plaintiff's opposing affidavits were filed in which to prepare rebutting affidavits. Indeed, this is the statutory right of the defendant in all such cases. He is always allowed to sustain the motion by affidavits or other proof in rebuttal of the affidavits or other proof offered and submitted on the part of the plaintiff to oppose the motion. Comp. Laws, § 5011. There is no good reason why a defendant who has a right to so full a hearing on a motion should be allowed, when he is defeated, to renew the same motion, on the same facts, without presenting any proof to entitle him to a rehearing, unless the same judge grants the rehearing to correct some error in his former decision. Certainly, no reason for granting him such a privilege can be adduced, except for the purpose stated, when he has in fact been fully heard in support of his original motion. If any error of law has been made, he can have it reviewed by appeal. Laws 1891, Ch. 120, § 24. With respect to the facts decided, there is no reason, so far as the right to the relief sought for by the motion is concerned, why they should not be set at rest forever by the decision upon such a hearing, the same as facts are settled by the judgment of a court when such facts are found by a jury or the court upon the trial of the issues in an action. Of course, the decision on the motion to dissolve an attachment might not, in all cases, affect the decision of the same question of fact when involved in another action. But the question is *res judicata* in the sense that no other motion can be made on the same facts to accomplish the same purpose for which the first one was made; with the possible exception that the same judge may reopen the matter to correct any mistake made by him in deciding the motion. There is a class of cases which hold that the matters of fact so established are conclusive against

the defeated party in subsequent litigation of a different character. But these will be found to be cases where a person, after being defeated in his effort to accomplish his purpose by motion, —as to set aside a judgment for want of service of process,— resorts to an action to secure the same result. The general rule may be stated in the following terms: Where there is an opportunity for a full and fair hearing on a motion, and a right of review in an appellate tribunal, the decision of that motion is *res judicata* whenever, on the same facts, the defeated party, by motion or otherwise, seeks to secure the object for which he made the motion, subject to the possible exception that, where the same judge entertains a new motion on the the same facts, it will be presumed that his object was to rehear the case to correct any error he may have made. Under such a doctrine the former order would not be a bar to a second motion on the same facts, when heard before the same judge. See, on the general question of *res judicata* with respect to decisions on motions, the following cases: *Dwight* v. *St. John*, 25 N. Y. 203; *Grier* v. *Jones*, 54 Ga. 154; *Weber* v. *Tschetter*, (S. D.) 46 N. W. 201; *Commissioners* v. *McIntosh*, 30 Kan. 234, 1 Pac. 572; *Mabry* v. *Henry*, 83 N. C. 298; *Burner* v. *Hevener*, 34 W. Va. 774, 12 S. E. 861; *Kabe* v. *The Eagle*, 25 Wis. 108; *Cothren* v. *Connaughton*, 24 Wis. 134; *Pierce* v. *Kneeland*, 9 Wis. 23; *Austin* v. *Walker*, 61 Iowa, 158, 16 N. W. 655; *Sanderson* v. *Daily*, 83 N. C. 67; *Kaufman* v. *Schneider*, 35 Ill. App. 256, 262; *Hawk* v. *Evans*, (Iowa,) 41 N. W. 368; Frauenthal's Appeal, 100 Pa. St. 290; *Bank* v. *Upman*, 14 Wis. 596; *Claggett* v. *Simes*, 25 N. H. 402; *Spitley* v. *Frost*, 15 Fed. 299; *Trescott* v. *Lewis*, 12 La. Ann. 197; *Bank* v. *Hansee*, 15 Abb. N. C. 488. See, also, 1 Herm. Estop. § 472; Freem. Judgm. § § 325, 326; 2 Black, Judgm. § § 691, 692.

Indeed, an examination of the cases will disclose the fact that those decisions which hold the former order no bar proceed upon the ground that the matter ought, under the circumstances presented, to be reheard, just as an issue of fact is retried when a new trial is granted. In no case has any court permitted a

motion to be renewed, except on the theory that the case was a proper one for a rehearing of the original motion. Whenever such a rehearing has been refused, the doctrine of *res judicata* has been applied. This doctrine, as so applied to motions, has been extended by the later cases so that the decision of a motion is in many cases as much *res judicata* when the same question is again in controversy as though the same matter had been settled by a verdict followed by judgment. The form which the decision assumes is unimportant. The material inquiries are: Has there been a full and fair investigation? Has the defeated suitor a right to review the decision in a higher court? When these questions can be answered in the affirmative, some of the cases hold that the decision of the motion not only bars another similar motion (unless, of course, a rehearing is properly granted,) but also settles the general manner in controversy on the motion, whenever it again arises in any form between the same parties or their privies. Much confusion would have been saved, had an obvious distinction been pointed out in the cases between using an order as a bar to a second motion for the same purpose, and a judgment as a bar to a second action for the same purpose. When the former judgment is interposed, it cannot be urged in opposition to its conclusive effect that there ought to be a rehearing of the case, for the simple reason that that question must be settled by a specific motion for a new trial in the original action. Until that is done, it conclusively appears that there ought not to be a retrial of the case. But a second motion has always a twofold character. It is, first of all, a direct attack upon the previous decision, and the order embodying the same. It is in the nature of an applicatian for a rehearing of the same question. In the second place, it is an application for a determination on the merits of the matters embraced in the new motion. Sometimes, when a motion is denied, it is denied without prejudice to the right of the party defeated to review it on making additional proof. When the order contains no such provision, it is customary for the unsuccessful suitor to apply for leave to

renew the motion. If this leave is granted, the old order is set aside, in legal effect if not in terms, and the rights of the parties depend upon the decision of the court on the new hearing. *Harris* v. *Brown*, 93 N. Y. 390. In such a case there is no former decision or order to operate as a bar. The court, in furtherance of justice, has annulled it, and granted a rehearing of the matter embraced in the original and also the renewed motion. But previous leave to renew a motion is not indispensable. The new motion may embrace both features. The court, in such cases, is asked to decide, first of all, whether a rehearing is proper; and then, in case it so adjudges, it is further requested to take up the motion on the merits, and decide it in the light of the evidence then offered. It does not even seem necessary that the moving papers should indicate that the defeated litigant seeks to have the old order set aside. Nor does it appear to be imperative that the court entertaining the several motions should, in terms, decide that the matter should be reopened, and the former order abrogated. By entertaining the second motion despite the fact of a former decision of the same matter on a previous motion, the court, in legal effect, does grant a rehearing; and therefore the former order constitutes no bar, provided, of course, the court was justified in granting a rehearing. *Harris* v. *Brown*, 93 N. Y. 390; *Kenney* v. *Kelleher*, 63 Cal. 442; *Riggs* v. *Pursell*, 74 N. Y. 370. The whole question, in a case like this, therefore, turns upon the inquiry whether a proper case was presented to the court for granting a rehearing,—a new trial of the matters embraced in the decision of the first motion. If not, then the court was wrong in setting aside the original order, and that order is a bar to a further investigation of the matter.

This brings us to the point whether one judge has unlimited discretion in granting rehearings of motions decided by another judge. It is only upon the theory of such unrestricted discretion that the order appealed from can be sustained. This order, in legal effect, set aside the previous order denying the motion to vacate the attachment, and granted a rehearing of the motion,

and then set aside the very attachment which the former order had sustained. No reason was assigned in the moving papers why the matter should be tried anew. There was no claim of surprise, or of unfair advantage taken by the plaintiff; no pretense that any new evidence had been discovered. In fact, no reference to the prior motion was made in the moving papers. The defendant proceeded as if no motion had been made. The court, by hearing and granting the motion after plaintiff's objection on the ground that the same motion had been decided before, proceeded as though a motion could be heard by a different judge as often as the defeated moving party should see fit to renew it on precisely the same facts. Before the motion was submitted to the court on the merits, the plaintiff duly objected to the hearing of the same for the reason that such a motion had already been decided on the same facts. We must, therefore, to sustain the order, hold that Judge Rose was, under such circumstances, justified in setting aside the former order made by Judge Lauder, and in entertaining a new motion on the same facts. We do not believe that such is the law. It certainly ought not to be the law. We can find no case in which it has been held that after a suitor has been fully heard on a motion, and has a right to appeal from the order denying his motion, he can renew the same motion, on the same facts, before any other judge having jurisdiction of the case. The practice in such cases, where the motion is before another judge, should, by analogy, be governed by the rules of law which regulate the granting of new trials on the ground of newly discovered evidence, or for suprise or excusable neglect. A person making a motion is under the same obligation to exercise diligence in securing his evidence and in presenting his law as one who tries a issue of fact before a jury. He cannot bring forward his case in fragments. He must produce all the evidence he has, or might have obtained by the exercise of due diligence. "The same degree of diligence will be required of a party in sustaining his motion as would be sufficient to free him from the imputation of laches if he were engaged in the trial of a case. If he makes his

application, and, from his own neglect, supports it by insufficient materials, and the rule is, on that ground, discharged, he cannot be afterwards allowed to supply the deficiency and renew the application." Freem. Judgm. § 326. See, also, *Ford* v. *Doyle*, 44 Cal. 635; *Bank* v. *Hansee*, 15 Abb. N. C. 488; 2 Black, Judgm. § 692, *Ray* v *Connor*, 3 Edw. Ch. 478; *Lovell* v. *Martin*, 12 Abb. Pr. 178; *Pattison* v. *Bacon*, 21 How. Pr. 478; *Allen* v. *Gibbs*, 12 Wend. 202; *Bascom* v. *Feazler*, 2 How. Pr. 16; *Witmark* v. *Herman*, 44 N. Y. Sup. Ct. 144; *Mills* v. *Thursby*, 11 How. Pr. 114; *Fenton* v. *Bank*, Clarke, Ch. 360; *Schlemmer* v. *Myerstein*. 19 How. Pr. 412. In *Adams* v. *Lockwood*, (Kan.) 2 Pac. 626, the court said: "A party has no right to trouble the court, or annoy the opposite party, by successive motions seeking the same relief, even though he bases them upon different grounds. He must include everything in the first motion, and can only file a second motion upon leave of the court, which will rarely be granted, and then only when justice seems manifestly to require it." It is true that the granting of the privilege of renewing a motion rests largely in the discretion of the court to which the application is made. There are cases in which courts have asserted or intimated that the discretion of the court is not subject to review. *White* v. *Munroe*, 33 Barb. 650; *Kenney* v. *Kelleher*, 63 Cal. 442; *Wentworth* v. *Wentworth*, 51 How. Pr. 289; *Smith* v. *Spalding*, 30 How. Pr. 339; *Riggs* v. *Pursell*, 74 N. Y. 370; *People* v. *Eddy*, 3 Lans. 80.

We are not prepared to say that Judge Lauder, himself, would not have had power to allow the motion to be reheard on the original papers, or to permit it to be reviewed upon new motion papers, the same in substance as those used on the original hearing. It is possible (but we do not decide the question) that such power resides in the District Court, with respect to motions it has decided, provided the application for a rehearing is seasonably made. The result of this doctrine would be that the judge who had decided a motion could, in his discretion, rehear it on the same facts. But this is widely different from the rehearing of the same motion on the same facts by another judge. A rehearing

is granted by the same judge who decided a matter, to examine the case again, that he may correct any error he may have made. But to permit another judge, of only co-ordinate jurisdiction, to review the decision on the same facts, is to vest him with appellate jurisdiction over a judge having equal powers. So long as the judge who decided the matter has jurisdiction to correct his own error, no other judge, of only equal authority, can review it. If reviewed at all, by any judicial authority other than himself, it must be by a court having appellate jurisdiction. When the judge who decides the motion has, for any reason, lost his power to rehear and correct his own decision, the only remedy left to the suitor is by appeal. The errors of one judge or court are never corrected by another judge or court by a rehearing, but only by an appeal. Of course, granting a new trial of the questions embraced in the motion on newly discovered evidence is an entirely different matter. We see no reason why that may not be done by another judge having jurisdiction of the case. But no such question was before Judge Rose. He merely reviewed and set aside the decision of Judge Lauder on the same facts.

It is here urged that on the first motion the defendant failed to deny the allegations that he had "disposed" of his property with fraudulent intent, and that, therefore, the new motion presented a different question, because in the moving affidavits on the new motion this averment was controverted. There is nothing in this point. It is apparent, from the fact that Judge Lauder went fully into the whole matter, that he did not decide the motion on the ground that one of the allegations of the affidavit on which the attachment was granted was not put in issue. Had this point been raised, it would have defeated the motion before him on the defendant's own moving papers. But he did in fact entertain the motion, and compelled the plaintiff to introduce his evidence as though the whole matter was in issue, and thereafter the defendant produced evidence in rebuttal; and, so far as we know (these additional affidavits not being before us;) such affidavits fully went into all the matters touching any disposition of his property,

whether by sale, transfer, gift, or otherwise. Another sufficient answer to this point is that a moving party must include everything in his first motion, and that if he does not he must offer some excuse for not doing so, or he will not be allowed to renew the motion on that ground. There is no pretense of any excuse for failing to deny the allegation of disposition of property, nor was there anything before Judge Rose to show that this omission had at all affected the rights of the defendant on the first motion. We are clear that it did not. Of course, these considerations might not lead us to reverse the decision of the judge entertaining the same motion on precisely the same facts, where the judge who does this is the same judge who heard the original motion. In such a case it is possible that we would assume, in support of the order, that the judge, by this procedure, was seeking to review his own decisions, to correct any possible error. But this possible rule of practically unlimited discretion does not apply where another judge entertains the second motion. He cannot review the case on the same papers. To justify his action, there must be something new disclosed before him, and we think he is bound substantially to follow the rules which regulate the granting of new trials. Such rules ought to govern the actions of the judge when he is the same judge who heard the original motion, and, if he is convinced that his decision ought not to be reviewed by him on the same facts, he ought to require of the moving party the same diligence as the law demands of one who moves for a new trial of the merits of a case when the defeated suitor asks for a new hearing before him of a motion on additional facts. See *Hill* v. *Hoover*, 9 Wis. 15; *Pierce* v. *Kneeland*, Id. 24; *Willett* v. *Fayer- . weather*, 1 Barb. 72; *Lovell* v. *Martin*, 12 Abb. Pr. 178; *Pattison* v. *Bacon*, 21 How. Pr. 478; *Adams* v. *Lockwood*, 30 Kan. 373, 2 Pac. 626; *Witmark* v. *Herman*, 44 N. Y. Sup. Ct. 144. But ordinarily we will be unable to compel the observance of these rules in such a case, if the correct doctrine is that the judge who decides a motion has jurisdiction to entertain a second motion for the same purpose on the same facts, or, what in effect is the same, to

rehear the first one. We would have to assume, nothing to the contrary appearing, that he had entertained a new motion, or reheard the old one, merely to review and correct his previous decision.

The order of the District Court is reversed. All concur.