ANDREW SCHWAHN v. THE DISTRICT COURT, NINTH JUDICIAL DISTRICT WITHIN AND FOR THE COUNTY OF PIERCE, NORTH DAKOTA, Hon. A. G. Burr, Judge of said Court, George Watson as Clerk of said Court, Martin Topness as Sheriff in and for said Pierce County, North Dakota, and Lizzie Schwahn.

(161 N. W. 556.)

**Prisoner — money brought by — to jail — fine — to pay — tender or payment — before made — money claimed by wife — threats and fraud — obtaind by — sheriff — collusion of — trial judge — money to be held by clerk — order — no right to make.**

Where money is brought by a prisoner to a jail with which to pay a fine, but before any tender or payment thereof such money is claimed by his wife, who informally asserts that it was obtained from her by threats and fraud and with the collusion of the sheriff, the trial judge has, in the absence of proper legal proceedings, no right to order the money taken from him and to be held by the clerk pending the controversy.

Opinion filed February 15, 1917.

---

Note.—On liability of officer who turns over articles taken from prisoner to a third person in recognition of the latter's adverse claim, see brief discussion in note in 19 L.R.A.(N.S.) 833, from which it appears that there is very little authority upon the question.

Application for a writ of certiorari.
Restitution granted.

Statement of facts by BRUCE, Ch. J.

This is an application for a writ of certiorari directed to the district court of the Ninth Judicial District and the presiding judge, clerk, and sheriff thereof, and to Lizzie Schwahn, the wife of the petitioner. It alleges that on or about the 20th day of January, 1907, the petitioner was convicted of assault and battery upon his wife, and was sentenced to an imprisonment for a period of thirty days in the county jail of Pierce county, and to pay a fine of $100 and the costs of the action, in all the sum of $180, and in default of the payment of such sum to be imprisoned for an additional period of sixty days. It then alleges that during all of such time the petitioner was the owner of and in possession of the sum of $330, which was in the actual custody and possession and control of his wife, the defendant Lizzie Schwahn, the money having been delivered to her for safe-keeping and return to the petitioner. It then alleges that after the aforesaid-mentioned sentence and judgment the petitioner, being desirous of obtaining the money to pay the fine and costs, requested the deputy sheriff to come with him to his home in Rugby in order that he might get the money from his wife; that the sheriff did so, and that on demand the money was delivered over to him, the sheriff taking no part in the proceedings but to accompany the prisoner; that neither the deputy sheriff nor the petitioner made any threats whatever, but that petitioner informed his wife that he must have the money for the purposes mentioned, and that the petitioner returned to the jail with the money in his pocket.

The petition then alleges that at 5 o'clock on the evening of the 20th of January, without any action or proceedings whatsoever, he was taken from the jail to the courtrooms without being given an opportunity to consult his attorney, and the following proceedings were had:

The Court: Make this record. The state's attorney has brought the complaining witness in this case into court, on the statement that the defendant and the sheriff came to her place and by threats and

intimidations compelled her to turn over $180 in money that belonged to her, in order to apply it on his fine and costs. The court will not, at the present time, pass upon that proposition whatsoever. The defendant will turn the money over to the clerk now.

Mr. Schwahn: It is in my suit case over in the jail.

The Court: Mr. Sheriff see that the money is turned over to the clerk and the clerk will hold the money pending a determination as to who is really the owner of that money. The clerk will not apply it on the fine and costs. The complaining witness will be required, of course, to show that this is her money; and it must be determined within thirty days, in order that if it turn out to be defendant's money he will not need to be imprisoned longer. I will hold the matter in abeyance until this matter is determined.

Mr. Campbell: I don't think your honor has any jurisdiction to have the money turned over.

The Court: If her statements be correct I wont permit any officer of the court to be so used; if not, it may be perfectly proper. The court has full power to see that the officers are not so used, if it is illegitimate; if it is not, all right. I will hold the matter in abeyance until that is determined.

The record above given, the petitioner alleges, is a true and correct transcript of the shorthand notes and record of the proceedings then and there made and taken by the official stenographer, and that in pursuance thereof the sheriff took from the petitioner and the petitioner then and there delivered over to said sheriff the said $180, and that the petitioner is informed and believes that the said sum is now in possession of the said court. The petitioner then complains that these proceedings did not constitute due process of law; that they were in excess of the authority of the district court and constituted a usurpation of power. He therefore prays for a writ of certiorari, that the record and proceeding be certified to this court, that the pretended order be set aside, and that the clerk of the court be required to apply the money on the payment of this fine.

*Campbell & Jongewaard,* for petitioner.

*William Langer,* Attorney General, *H. B. Senn,* State's Attorney, and *L. R. Nostdal,* for respondent.

BRUCE, Ch. J. (after stating the facts as above).   This case seems to be settled by the decision in State ex rel. Enderlin State Bank v. Rose, 4 N. D. 319, 26 L.R.A. 593, 58 N. W. 514.

Although on the writ of certiorari we are confined to a consideration of the record that is before us, and from that record we are unable to determine the right to the money as between the husband and wife, it is nevertheless clear that the action of the district judge was irregular and in excess of his jurisdiction.   The money, therefore, should be returned to the petitioner, and the right of the husband and wife thereto left to be settled between them.   The relief prayed for by the petition, therefore, will be granted, in so far as the return of the money is concerned.   Whether it should be accepted in payment of the fine, however, is left for future determination and will depend upon a proper and legal determination of the title thereto.

ROBINSON, J., dissents.